MARTHA SIVLEY v. MARY DE PRIEST SIVLEY.

[50 South. 552.]

MOTION TO STRIKE CONFESSION OF ERRORS FROM THE FILE.

1. SUPREME COURT. *Jurisdiction. Dispositions of case.*

When a case is appealed to the supreme court it can be disposed of only by consent of that court.

2. SAME. *Same. Same.*

The supreme court will not consent to the disposition of a case by the nominal parties, where it is reasonably probable that the equitable interest of third persons, though not actual parties to the record, will be prejudiced.

3. SAME. *Same. Same.*

The supreme court will permit attorneys who have, on a contingent fee, prosecuted a suit in the trial court to judgment in an insolvent plaintiff's favor, to appear for themselves and resist a reversal of the judgment, although their client has confessed error and asked for a reversal.

FROM the circuit court of Newton county.

HON. JAMES R. BYRD, Judge.

Mary De Priest Sivley, appellee, was plaintiff in the court below; Martha Sivley, appellant, was defendant there and from a judgment for $30,000 in plaintiff's favor she prosecuted a supersedeas appeal to the supreme court.

The defendant is the mother of plaintiff's husband and the suit was for damages alleged to have been suffered by plaintiff

because of the malicious alienation by defendant of the affections of her son from plaintiff and for inducing him to abandon plaintiff, his wife.

After the case reached the supreme court the appellee, plaintiff, confessed errors and asked for a reversal of the judgment. Thereupon the attorneys, who had represented her in the trial court, May, Flowers & Whitfield, made a motion in their own behalf to strike the confession of errors from the file and for leave to resist the appeal, showing in the motion, and accompanying affidavits and written evidence, that they were interested in the judgment to the extent of one-half of it in this way:—They had represented the plaintiff in the trial court under a contract by which their fee, a wholly contingent one, was to be a sum equal to fifty per centum of any recovery that might be had in the case; that plaintiff had no property, save the judgment appealed from, and unless collection was made thereon, in whole or in part, they would be unable to collect any thing on their fee; that since the perfection of the appeal appellant and appellee, claiming a reconciliation between themselves and the plaintiff and her husband, had entered into a conspiracy, the object and purpose of which, and of the confession of errors by appellee, were to defeat and defraud them of their fee; that they, the attorneys, had instituted a suit in equity, still pending, to prevent an entry of satisfaction of the judgment and to enjoin appellant from conveying her property in fraud of their rights.

The appellee, in response to the motion, denied the fee contract, asserted that her suit was prosecuted under a misapprehension of the facts and should not have been instituted; that the judgment was wrongfully obtained; that her husband and herself were perfectly reconciled, were now living together in happiness, and that she had the right to confess errors.

[For decision on the merits, see *Sivley v. Sivley, infra,* p. 137.]

*R. V. Fletcher* and *J. O. S. Sanders,* for the motion.

*Tim E. Cooper; J. B. Chrisman; R. N. Miller* and *C. L. Sivley, contra.*

[The briefs of counsel on the motion had been withdrawn or lost from the record when it reached the reporter; hence no synopses of them appear in this report.]

Argued orally by *R. V. Fletcher,* for motion and by *R. N. Miller, contra.*

WILLIAMSON,* Special Judge, delivered the opinion of the court.

We shall not undertake a statement of the facts contained in this motion, but leave it to be stated by the reporter. When an appeal is taken to the supreme court of the state by any party, the jurisdiction to determine the cause is thereby transferred to that court, and any subsequent disposition made of the case can only be made with the consent of the court. It is true, ordinarily, that the parties may withdraw their appeal, or make any other disposition of the case which they may choose to make, provided it be not inconsistent with the duties of the court, or in any way invasive of the province of the court; but even then it can be done only when all the parties legally or equitably interested in the subject-matter of the litigation agree, and the court consents. When the appeal is taken, and the appellate court obtains jurisdiction of any cause, the court will allow no disposition to be made of the cause by the nominal parties, where it is made to appear to the court that it is reasonably probable that the interest of third parties, having an equitable interest

---

* WHITFIELD, C. J., because of his relationship to one of the parties in interest recused himself in this case and C. M. Williamson, Esq., a member of the supreme court bar, was appointed and presided as a special judge in his place.

in the suit, though not actually parties to the record, will be destroyed or prejudiced.

In examining the motion under consideration, it is manifest to us that it is at least probable that May, Flowers & Whitfield have an equitable interest in this litigation, and that, if they have an equitable interest, that interest would be prejudiced by any disposition made of the case by the actual parties of record, and the court will refuse to permit the cause to be disposed of in any way by the act of any of the parties, and retains this cause for hearing on its merits.

It is further the judgment of the court that May, Flowers & Whitfield, claiming to be equitably interested in this judgment, shall have the right to appear as attorneys for themselves and argue, orally or by brief, the merits of this case.

*So ordered.*