## YAZOO CITY v. ALLGOOD.

[72 South. 3.]

APPEAL AND ERROR. *Entry of consent judgment. Effect of assignment.*
Where after an appeal to the supreme court, the complainant assigned his right under the contract sued on, although the parties to the suit may control the disposition of the appeal, the court will not permit them by agreement to have an order entered that the court "be reversed, temporary injunctions dissolved, and decree entered in the supreme court finally dismissing the trial with prejudice," since the court will not enforce an agreement of nominal parties by the entry of a judgment to the prejudice of innocent third parties.

APPEAL from the chancery court of Yazoo county.
HON. O. B. TAYLOR, Chancellor.

Suit by J. L. Allgood for injunction against Yazoo City. From a decree for complainant, defendants appeal. On motion for final decree by consent.

Appellant and appellee entered into a contract whereby the appellant undertook to supply appellee with water at his residence. Because of lack of natural pressure, the city was unable to furnish water in the part of town where appellee's residence was located without artificial pressure, which the city declined to furnish, and the appellee sued out an injunction to compel the city to carry out its contract and praying for damages

for the breach of same. From a decree of the chancery court requiring the performance of the contract, the city appealed to the supreme court.

Appellee had employed as his attorney C. F. Rhodes, who filed the injunction suit and had assigned to Mr. Rhodes one-half of the amount recovered as his compensation. Later appellee assigned to W. A. Henry, the holder of two deeds of trust on said property, all of his rights under said contract, and Mr. Henry assigned one-fourth of his interest in said contract to S. S. Griffin. The assignment to Mr. Rhodes was made at the beginning of the suit, and the assignment to Judge Henry was made after the appeal to the supreme court.

While the case was pending in the supreme court and after both appellant and appellee knew of the assignments to Rhodes, Henry, and Griffin, an agreement was made between appellant and appellee that the supreme court should enter a decree reversing the case, dissolving the temporary injunction, and dismissing the bill with prejudice. Messrs. Rhodes, Henry, and Griffin thereupon filed an objection to said motion setting up the fact that they had valuable interest in the result of said case and requesting that they be permitted to defend in order to protect their rights, as appellee Allgood was insolvent.

*W. Calvin Wells,* for appellant.

*Watkins & Watkins,* for appellee.

Stevens, J., delivered the opinion of the court.

Under the facts disclosed by this record, this court does not feel justified in enforcing the written agreement of the parties that this cause "be reversed, temporary injunction dissolved, and decree entered in the supreme court finally dismissing the bill with preju-

dice." The parties, by agreement, are privileged to dismiss the appeal without a decision of the questions presented by the assignment of errors, in which event the lower court will proceed with this cause as equity and the circumstances may demand; or the parties may agree that the temporary injunction be dissolved, and, to that end, that the decree appealed from be reverrsed and the temporary injunction dissolved, in which event the cause will be remanded for further proceedings by the lower court as the circumstances and merits of the case may require. This court, as an appellate tribunal, cannot, however, sanction and execute the agreemen of the parties to reverse the decree of the court below and finally to dismiss the bill with prejudice. A showing in good faith has been made that W. A. Henry and S. S. Griffin are probably interested in any damages which J. S. Allgood, the appellee and complainant in the court below, may be entitled to recover when the merits of the litigation are inquired into and decided. The appeal is prosecuted from an interlocutory order of the chancellor, declining to dissolve a temporary injunction; and the question as to whether or not the complainant is entitled to damages from the city has never been adjudicated. In the absence of an agreement of the parties, this cause, in any event, will be remanded for further proceedings. If we should affirm the decree of the chancellor, the cause will be remanded for further proceedings; and, likewise, if we should reverse the decree and dissolve the temporary injunction, the decision would not necessarily dispose of the whole case, but the cause will be remanded. Whether the appeal is dismissed or the decree is by agreement reversed, in either event the parties objecting to the entry of a final judgment by this court on the ground that they are now the real parties in interest will be privileged to make application to the chancellor to become parties complainant, and the chancelor would be priv-

ileged to permit them to become parties complainant upon such terms as to him' may seem equitable and right.

The parties to this litigation can, of course, control the disposition of this appeal; but they are not privileged to elicit by agreement a solemn adjudication of the real questions in dispute, to the hurt or injury of third parties. This court must be careful not to enforce any agreement of the nominal parties by the entry of a judgment that will likely prove a stumbling block in the way of, if not an absolute denial of, justice to innocent third parties. *Sivley* v. *Sivley,* 96 Miss. 134, 50 So. 552. We do not mean to hold that Judge Henry, Mr. Griffin, or Mr. Rhodes, is entitled to have the temporary injunction retained pending a trial of the case on its merits, or to say that they are in fact entitled to recover damages—these are questions to be presented to the lower court, upon application and proper issue between objectors and the city.

The motion therefore for a final judgment will be overruled, but the parties may elect to dismiss the appeal or even to agree that the decree of the lower court should be reversed, the temporary injunction dissolved, and the cause remanded for further proceedings on the merits.

*Overruled.*