[Civil No. 2554. Filed November 29, 1926.]

[250 Pac. 885.]

NAVAJO REALTY COMPANY, a Corporation, Appellant, v. COUNTY NATIONAL BANK & TRUST COMPANY OF SANTA BARBARA, a Corporation, Trustee of the Estate in California of HENRY HUNING, Deceased, Appellee.

Messrs. Kibbey, Bennett, Gust, Smith & Lyman, for Appellant.

Messrs. Armstrong, Lewis & Kramer, for Appellee.

PER CURIAM.—On the 15th of November, 1926, this court affirmed the judgment of the superior court of Navajo county in the above-entitled action, rendering judgment against the sureties on the *supersedeas* bond filed herein, and assessing a penalty of five hundred dollars for a frivolous appeal under the provisions of paragraph 1272, Revised Statutes of Arizona of 1913, Civil Code. On November 18th, 1926, appellant moved to modify the judgment rendered by striking therefrom the penalty. Ordinarily this motion would be disposed of without a formal opinion, but, in view of the fact that a question has arisen during its consideration of considerable importance to the appellate practice in this state, we have deemed it best that a written opinion be filed. It is necessary, in order that the grounds of our decision may appear that we state briefly the history of the proceeding in the superior and the Supreme Courts.

The minutes of the trial court, as they appear in the record, do not show any rendition of judgment whatever. Taking the record as a whole, however, judgment was apparently rendered on the eighth day of February, although the formal written instrument was not filed until the 25th of March. On April 14th a notice of appeal to this court was duly docketed. July 24th the record on appeal was received by the clerk of this court from the trial court,

and notice to that effect was duly given appellant's attorneys. On the thirtieth day thereafter, appellant not having paid its filing fee within the time provided by statute, appellee paid his fee and had the case docketed. On the next day appellant paid its filing fee, and credit was given on the docket for the same. No abstract of record was filed, as provided by statute and the rules of this court, within thirty days thereafter or indeed at all. After the time for filing the abstract had passed, appellee filed a motion that the judgment of the trial court be affirmed; that judgment be rendered against the sureties on the *supersedeas* bond in pursuance of paragraph 1271, Revised Statutes of Arizona of 1913, Civil Code, and that this court include in its judgment ten per cent of the judgment appealed from as damages for a frivolous appeal under the provisions of paragraph 1272, *supra*. Appellant was duly served with a copy of this motion, but filed no objection thereto. On the 3d of November, however, it did file a certified copy of a certain instrument duly verified, and which had been recorded with the county recorder of Navajo county, reading as follows:

"Release of Writs of Attachment.

"Know all men by these presents that writs of attachment, dated June 12, 1924, and August 18, 1924, respectively, as served by sheriff of Navajo county, state of Arizona, each covering lots 11 and 12 in block 7 of town of Winslow, Navajo county, Arizona, and served on June 12, 1924, and August 18, 1924, respectively, and recorded in volume 3 of Notices Affecting Real Estate, page 359 and 388, respectively, in the office of county recorder of Navajo county, Arizona, are fully satisfied, and are hereby released and discharged in action in superior court of the state of Arizona, in and for the county of Navajo, in which County National Bank & Trust Company is plaintiff, and Navajo Realty Company is defendant.

"In witness whereof, as one of the attorneys of record for the plaintiff, I have hereunto set my hand, this 27th day of September, 1926.

"C. H. JORDAN,
"As Attorney for Plaintiff."

At the same time the clerk of this court was informed by counsel for appellant in substance that the matter had been entirely settled and it was immaterial to appellant what action the court took in the case.

On the next regular motion day the court was informed by the clerk of the statement made by counsel and, assuming that the case had been settled, an order was entered dismissing the appeal. Counsel for appellee, being informed the same day of this order, immediately protested, stating that the action had not been settled to their knowledge, and asking to be heard, whereupon the order dismissing was vacated, and upon the next motion day this court entered an order, based upon the record of the case, in accord with appellee's motion, and assessing a penalty of $500 under paragraph 1272, *supra*. On the 18th of November appellant moved to vacate the order assessing the damages as aforesaid. To this appellee answered on the 19th, and on the 20th a further showing in support of its motion was made by appellant.

Paragraph 1272, *supra*, reads as follows:

"1272. When the Supreme Court shall be of opinion that an appeal has been taken for delay, and that there was not sufficient cause for taking an appeal, it may, in its discretion, include in its judgment such additional sum, not exceeding ten per cent of the judgment appealed from, if such judgment be for the recovery of money, and not exceeding five hundred dollars in other cases, as the court may deem proper, as damages for a frivolous appeal."

If there ever was a case where it would appear from the face of the record that an appeal was taken merely for the purpose of delay and without sufficient cause, we think this is such a one. The appeal itself was not taken until nearly sixty days after the judgment was rendered. Although this, of course, was within the statutory time, yet it hardly shows great diligence. The record from the trial court did not arrive in this court for nearly ninety days, instead of within the thirty days provided by statute. Appellant, although notified by the clerk of this court that the record was here, did not pay its filing fee until after the time for so doing had elapsed, and until after appellee, in order to protect its own rights, had caused the case to be docketed and the filing fee to be paid. The abstract of record was not prepared and filed within the statutory time, or indeed at all, and when appellee moved for affirmance of the judgment, and for allowance of damages under paragraph 1272, *supra*, in a very full and carefully argued written motion, which was duly served on appellant, it did not consider such motion even worthy of reply.

There is nothing which brings our judicial system into greater reproach with the average man, and justly so, than the extreme length of time it ordinarily takes to obtain a final decision of any case presented in court. As the old saying well has it, "Justice delayed is only half justice." The length of time given as a matter of right by statute for parties to perfect an appeal is long enough in all conscience. When, therefore, in an appeal to this court, the appellant does not complete the acts required in order to submit his case properly to us within the time allowed by law, and particularly when many of the most important are never completed, it seems to us that the provisions of paragraph 1272, *supra*, presumably apply.

We therefore hold, as a general rule, not only for this, but for all subsequent appeals, that a failure on the part of the appellant to complete its record within the time provided by statute, or such extensions as may be made pursuant to law, will be taken by this court as *prima facie* evidence that the appeal was taken for delay, and that there was not sufficient cause for taking it, and damages will be assessed upon motion in such sum as seems proper for a frivolous appeal.

It is, of course, true that there are exceptional cases, where the parties may have some good ground for delay. In such, however, it is incumbent upon the delinquent to make a showing before us of what that ground is, and such opportunity will always be afforded by this court, upon a request therefor being seasonably made. In the case at bar there was an attempt to make such a showing. We have examined it, and so far as we can learn therefrom it is in substance that counsel for appellant advised appellant the superior court had committed such errors that there was a reasonable belief that its judgment might be reversed upon appeal to this court (though there is not a hint as to what the errors were), but that "through some inadvertence the reporter's transcript was not completed in time, and that the appeal to this court failed for that reason and none other."

As we have stated, the judgment was apparently rendered February 8th. The appeal was not taken until April 14th, though the motion for new trial was made February 16th. It does not appear from the minutes exactly when such motion was overruled. It is evident, however, that more than sixty days had elapsed from the rendition of judgment, and apparently almost sixty days from the denying of the motion for new trial, before appellant filed its notice of appeal. It must have known then, either that

the time in which to file a transcript of the reporter's notes had elapsed, or at best was extremely short, in which case we think ordinary care would have required at least a request to the trial court for an extension of time. It does not appear, however, that such request was ever made; the only allegation being that the opposite party would not stipulate for an extension. We think, when, as is stated in the affidavit of counsel, the whole success or failure of an appeal depends upon the reporter's transcript, he should make every effort to secure it within the statutory time, or to get an extension of time from the trial court, and, in case of a failure to secure it, should at least see his record here shows the fault was not his. Any trial court would grant such extension on reasonable grounds being shown therefor, and, there being no showing to the contrary, we must assume no extension was asked, or else, if asked, it was rightly refused.

Nor is the release of attachments filed November 3d in this court sufficient to take the matter out of the rule. It shows on its face it was executed long after appellant was in default in this court, and is merely a release of certain attachment liens on property, and does not purport in any way to be a satisfaction of judgment or settlement of the case. There is no reason to assume that, merely because appellee might have, for any one of a dozen reasons, attempted to release a lien which it had in aid of its judgment, that it has satisfied the judgment itself. And, even had the instrument been on its face a complete accord and satisfaction of judgment, and entered in the trial court, yet as a matter of law it would have been insufficient to dispose of the appeal without the consent and order of this court.

When an appeal to this court has been perfected, the trial court loses all jurisdiction of each and every matter connected with the case, except in further-

ance of the appeal, unless it is expressly given jurisdiction by statute. 3 C. J. 1255. As is well said by the Supreme Court of Mississippi in *Sivley* v. *Sivley,* 96 Miss. 134, 50 South. 552:

"When an appeal is taken to the Supreme Court of the state by any party, the jurisdiction to determine the cause is thereby transferred to that court, and any subsequent disposition made of the case can only be made with the consent of the court. It is true, ordinarily, that the parties may withdraw their appeal, or make any other disposition of the case which they may choose to make, provided it be not inconsistent with the duties of the court, or in any way invasive of the province of the court; but even then it can be done only when all the parties legally or equitably interested in the subject-matter of the litigation agree, and the court consents."

While parties may, of course, agree between themselves that a judgment debt has been satisfied, yet such agreement of itself has no legal effect on a proceeding pending in this court until it has been presented to us and we have acted upon it. It is obvious on a moment's reflection that this must be so; if it were not, parties could at their will render the judgments of this court nugatory, and its decrees a laughing stock.

For the foregoing reasons, we are of the opinion that the showing in support of the motion to set aside the penalty is entirely insufficient. Motion denied.