[Civil No. 2992.   Filed January 12, 1931.]

[294 Pac. 837.]

ERNESTYNE GOTTHELF, Petitioner, v. FRED W. FICKETT, as Judge of the Superior Court of the State of Arizona, in and for the County of Pima, Respondent.

For original opinion, see ante, p. 322, 294 Pac. 837.

Messrs. Conner & Jones and Messrs. Richey & Richey, Attorneys for Petitioner.

Mr. John B. Wright and Mr. William R. Misbaugh, Attorneys for Respondent.

Mr. George R. Darnell, *Amicus Curiae.*

LOCKWOOD, J.—Petitioner and respondent have each filed a motion for a rehearing in this case. Ordinarily we do not write opinions on such motions, but, since respondent has suggested our original opinion is in some points confusing to the bar of the state on an important point of practice, we depart from our usual custom.

The first point raised by respondent is that *mandamus* does not lie, on the ground that the *supersedeas*

bond was presented for approval before the appeal was perfected. The notice of appeal was given on June 10th, 1930, and on June 14th petitioner applied for an order fixing the amount of the *supersedeas* bond, and on July 9th the bond was presented to the court for its approval. Apparently it is the theory of respondent that it was necessary for petitioner, not only to give the notice of appeal, but to file the statutory bond on appeal before a *supersedeas* bond was presented.

Section 3667, Revised Code 1928, provides that "the appeal is perfected when the notice is given and the bond is filed." Section 3668, referring to a *supersedeas* of a money judgment, provides that a *supersedeas* bond may be given "instead of the appeal bond or affidavit, or in addition thereto." While section 3669, referring to a *supersedeas* of any other than a money judgment, does not expressly state that the *supersedeas* bond may be given instead of the appeal bond, we are of the opinion that, when all of the sections are read together, this is undoubtedly the meaning, and it has always been the practice in this court to allow an appeal upon a *supersedeas* bond without the necessity of giving an appeal bond in addition. The condition of the appeal bond in section 3669, while not in specific words, including the costs covered by an appeal bond, does so in legal effect. It is not necessary that an appeal bond be given as a condition precedent to the application for a *supersedeas*.

The second point is that this court, in holding that the superior court, in the absence of a *supersedeas* bond, would have jurisdiction to change the custody of the minor child of petitioner, has in effect reversed its decision in the cases of *Navajo Realty Co.* v. *County National Bank & Trust Co.*, 31 Ariz. 128, 250 Pac. 885, 887, and *Sam* v. *State*, 33 Ariz. 421, 265 Pac. 622, 625. In the first-named case we said:

"When an appeal to this court has been perfected, the trial court loses all jurisdiction of each and every matter connected with the case, *except in furtherance of the appeal,* unless it is expressly given jurisdiction by statute."

In the case of *Sam* v. *State,* we also said:

"When the Supreme Court has taken jurisdiction of a case on an appeal no inferior tribunal has any jurisdiction thereof, *except to perform the necessary acts in furtherance of the appeal.*"

We reiterate and reaffirm the holding in both these cases, but it is in no way in conflict with our holding in the case at bar. As will be seen upon examining the two cases cited, the reason for our opinion in each is that it would be intolerable that a court of inferior jurisdiction should have the power to take any action which might hamper or render nugatory the action of this court on the appeal. But in both cases we expressly exempted from the rule all acts which were necessary in the furtherance of the appeal, and we carefully refrained from limiting what these acts might be, for it would obviously be impossible to state in advance just what act might further the appeal in any particular case.

When, as an incident to a case, certain specific property awaits the determination of the proceedings, it is always in furtherance of the appeal that the property itself be cared for, so that, when the final judgment is rendered by the appellate court, it will not be ineffective because of the dissipation of the property involved, and the trial court has jurisdiction to make such orders as are necessary for its preservation, in many jurisdictions, even in the face of a *supersedeas* bond. *Goddard* v. *Ordway,* 94 U. S. 672, 24 L. Ed. 237.

We are of the opinion that the minor children of the parties to a divorce proceeding are in a situation somewhat analogous to that of specific property await-

ing the disposition of the court. It is the child itself, and not a substitute therefor, which is involved in the decree of the court. It is absolutely essential, in order that justice be done, that the child be properly cared for till its custody be finally determined. For this reason any order made by the superior court pending an appeal, and involving simply the temporary custody of the child, is one in furtherance of the appeal, and not in any way prejudicial to the jurisdiction of this court.

Suppose, for example, it should appear that the health of the child involved in this case was suffering by its remaining in Tucson during the pendency of the appeal. Would it be said that it was not in furtherance of the appeal that it be taken from the orphanage where it now is and placed temporarily where its health would be preserved? The question itself indicates the only possible answer. Such order, of course, would be merely a temporary one for the care and safety of the child. The trial court is obviously in a better position than this court to determine what the immediate needs of the child are, and, when only the ordinary appeal bond is given, we think it still retains jurisdiction to make orders guarding the health and safety of the child until a final determination of the appeal by this court, and that such action is in furtherance of the appeal.

When, however, a *supersedeas* bond is given, in many jurisdictions, among which we have held Arizona to be, this by statute destroys the right of the court to make any further order whatever in the proceedings superseded, and in such a case the child must be guarded either, as we have indicated, through juvenile proceedings, or by application to this court for some proper order. *Vosburg* v. *Vosburg,* 137 Cal. 493, 70 Pac. 473; *Ex parte Dupes,* 31 Cal. App. 698, 161 Pac. 276; *Casebolt* v. *Casebolt,* 170 Ky. 88, 185 S. W. 510.

We have also examined the request of the petitioner for a rehearing. It is merely a re-argument of the legal propositions contained in her original brief, and suggests nothing new.

For the foregoing reasons both petitions for rehearing are denied.

McALISTER, C. J., and ROSS, J., concur.