379 P.2d 900

Louie BARAGAN, Petitioner,

v.

Frank A. EYMAN, Warden, et al., Arizona State Prison, Respondent.

No. 7859.

Supreme Court of Arizona,

En Banc.

March 13, 1963.

Louie Baragan, in pro. per.

Robert W. Pickrell, Atty. Gen., Stirley Newell, Asst. Atty., Gen., for respondent.

## PER CURIAM.

Petitioner pleaded guilty to illegal possession of a narcotic drug and was given five years probation on March 9, 1961. On September 11, 1962, petitioner pleaded guilty to the subsequent charge of the illegal sale of a narcotic drug and was sentenced to serve seven to ten years in the state prison. On September 13, 1962, petitioner's probation was revoked and he was sentenced to serve from seven to ten years to run concurrently with the other prison sentence.

On November 5, 1962, petitioner filed with the superior court a notice of appeal "from the judgment rendered on the 11–13 day of September", a motion for leave to prosecute the appeal in forma pauperis and an affidavit stating that petitioner was without means to pay for the "transcript and evidence" necessary to prosecute his appeal.

Subsequently his motion for leave to file a notice of appeal in forma pauperis was denied by the superior court in the following order:

"It appearing to the Court that the defendant on November 5, 1962, filed herein his Motion for Leave to File a Notice of Appeal in Forma Pauperis from the Judgment heretofore entered by this Court herein, and it further appearing that the Judgment of the Court was entered on a plea of guilty made by the defendant and that the defendant was represented by counsel at the time of making said plea, and it further appearing that there are no grounds for appeal from said Judgment of the Court,

"IT IS ORDERED that said Motion of the defendant is denied."

The notice of appeal was not transmitted to the supreme court in accordance to Rule 361, subd. A, Rules of Criminal Procedure, 17 A.R.S. The constitution provides for an appeal in all cases, Arizona Constitution, Art. 2, Sec. 24, A.R.S. A notice of appeal must be filed with the clerk of the trial court, Rule 350, Rules of Criminal Procedure, within 60 days after the entry of the judgment or sentence appealed from, Rule 348, Rules of Criminal Procedure. Once a notice of appeal has been filed Rule 361, Rules of Criminal Procedure provides:

"A. Upon an appeal being taken to the supreme court, the clerk with whom notice of appeal is filed shall, within twenty days thereafter unless a longer time is granted by the trial court, transmit to the clerk of the supreme court under his certificate and seal of office the notice of appeal and the record on appeal designated in Rule 360 or as specified by the parties.

"B. If the appellant, at the time of filing the notice of appeal, files an affidavit subscribed and sworn to by him that he is without means and wholly unable to pay for a certified copy of the record on appeal or for the reporter's transcript, or both, he shall serve upon the county attorney an executed copy of such affidavit at the same time it is filed with the clerk of the superior court, and thereupon the county attorney may file a written demand that the appellant be examined upon the matters set forth in the affidavit. The appellant shall appear before the court at such time as the court directs for examination by the

county attorney and the attorney for appellant as to the ability of appellant to pay for the record or the reporter's transcript, or both. If the court is satisfied that appellant is unable to pay for the record or reporter's transcript, or both, it shall enter an order directing that the record or transcript, or both, be furnished at the expense of the county as provided by A.R.S. § 13–1714."

■ This rule commands the clerk to transmit the notice of appeal and record on appeal to the supreme court. It leaves no discretion in the trial court for a determination of any sort as to the merits, the grounds or the timeliness of the filing of the appeal. Neither does it leave any discretion in the trial court for a determination as to whether the record on appeal shall be transmitted to the supreme court. The trial court only has authority to determine if the appellant is unable to pay for the record or the reporter's transcript. If the appellant is unable to pay for them the cost will be borne by the county pursuant to A.R.S. § 13–1714. If the appellant is able to pay for them the cost will be charged to him. An order of the trial judge that an appellant is able to pay these costs is subject to review by this court, State v. Vallejos, 87 Ariz. 119, 348 P.2d

554. However, in either event the record on appeal must be transmitted to the supreme court.[1]

■ Petitioner argues that he should be released from prison because of the erroneous nature of the trial judge's order. We do not agree. So long as petitioner is provided with the appellate review to which he is entitled, constitutional guarantees do not require that he be absolutely discharged, Dowd v. U. S. ex rel. Cook, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215.

The notice of appeal and part of the records on appeal are already in the office of the clerk of the supreme court. We note that the appeals are from the judgment of conviction of September 11, 1962, and from the revocation of parole and the sentencing of September 13, 1962. An appeal from the judgment of conviction of March 9, 1961, would, of course, not now be timely, State v. Heron, 92 Ariz. 114, 374 P.2d 871. The clerk of the superior court has this day been directed to transmit any documents still in his possession which should properly be included in either of the cases on appeal.

■ We note that the only reason given by the superior court for denying petitioner's motions is that "there are no grounds for appeal". As the denial of the

---

1. Of course, as we said in Warren v. Warren, Ariz., 377 P.2d 321, 322 " * * * following the perfection of an appeal, the trial court loses jurisdiction of matters connected with the case, *except in furtherance of the appeal.*"

motions was improper the superior court, on proper application must give petitioner a hearing pursuant to Rule 361, subd. B, Rules of Criminal Procedure.

Petition for writ of habeas corpus denied.

BERNSTEIN, C. J., UDALL, Vice C. J., and STRUCKMEYER, JENNINGS and LOCKWOOD, JJ., concur.