394 P.2d 655

**Application of Barbara LAVIS, nee Smith, for a Writ of Habeas Corpus.**

**No. 8467.**

Supreme Court of Arizona.
In Division.

July 28, 1964.

John R. Snowberger, by William F. Behrens, Phoenix, for petitioner.

Fennemore, Craig, Allen & McClennen, by John J. O'Connor, III, Phoenix, for respondent.

LOCKWOOD, Vice Chief Justice:

The petitioner is the mother of four children, aged three, five, seven and ten years of age. The respondent is their father.

Under a divorce decree in California, the custody of the children was first awarded to the mother and later to the father. The mother came to Arizona with the children and the father initiated habeas corpus proceedings, Case No. 161858, in the Superior Court of Maricopa County to regain their custody.

The Superior Court of Maricopa County found for the father and ordered that the children be restored to him. The order was signed on the 21st day of July, 1964

On the same day the following events occurred: Notice of Appeal was given by the mother; a supersedeas bond in the amount of twenty-five dollars was approved by the judge and filed on behalf of the mother; a written order for the arrest of the children by the Sheriff of Maricopa County, and for their delivery to the father was signed by the judge and filed. On the following day, July 22, 1964, the judge issued an order vacating the supersedeas bond and the sheriff, who had taken custody of the children, delivered them into the custody of the father. On the last named date the mother, petitioner herein, filed her petition for writ of habeas corpus in this case, claiming that the supersedeas bond approved by the superior court judge and filed, suspended all further proceedings pending the appeal, and that the superior court judge had no authority to vacate the bond. The writ was issued by this Court commanding the sheriff to deliver the children to the mother, petitioner herein, pending hearing in this matter.

When a notice of appeal and a supersedeas bond is given, the superior court loses all further jurisdiction in the case except in furtherance of the appeal. Gotthelf v. Fickett, 37 Ariz. 322, 37 Ariz. 413 On Rehearing, 294 P. 837. Further, the approval of a supersedeas bond in an amount fixed by the court and conditioned in the language of the statute, is a ministerial duty of the court and not a matter of discretion. See Gotthelf, supra. Accordingly, when the mother gave notice of appeal in the superior court, and the supersedeas bond in the amount fixed by the judge was approved by him and filed, he lost jurisdiction to enter any further order except in furtherance of the appeal. Vacating of the supersedeas bond was not such an order in furtherance of an appeal, and therefore was void.

The effect of the supersedeas bond was to preserve the status quo. See Gotthelf, supra. The children had not been restored to the father at the time the bond was approved and filed. Therefore the effect of the bond was to maintain the status quo of the children's actual custody, i. e., in the mother.

It is therefore ordered that the care, custody and control of said minor children Leslie Smith, Gordon Smith, Darryl Smith, and Randal Smith, be and remain in the petitioner, Barbara Lavis, nee Smith, Pending the appeal of Case No. 161858, in the Superior Court of Maricopa County, Arizona.

STRUCKMEYER, J., and WARREN L. McCARTHY, Judge of the Superior Court, concur.