400 P.2d 325

**Application of Alexander LOPEZ for Delayed Appeal.**

**No. 1578.**

Supreme Court of Arizona.

En Banc.

April 1, 1965.

Chandler, Tullar, Udall & Richmond, Tucson, for petitioner.

STRUCKMEYER, Vice Chief Justice.

Alexander Lopez, an inmate of the Arizona State Prison at Florence, Arizona, filed with this Court a motion for leave to take a delayed appeal pursuant to Rule 16(a), Rules of the Supreme Court, 17 A.R.S., as amended 1964. Accompanying his motion was his affidavit deposing that he had been convicted in a criminal action on March 29, 1963; that prior to the time of the expiration of his right to appeal, he requested his court-appointed counsel to appeal the case to this Court; that his court-appointed counsel advised him that he was resigning from representing him as he saw no hope for reversal on appeal; that he, Lopez, acting as his own counsel, prepared a notice of appeal and motion for appointment of counsel and motion for leave to file and prosecute the appeal in forma pauperis; that these documents were delivered to the proper official at the Arizona State Prison on May 28, 1963, and received in the mail by the clerk of the Superior Court of Pima County on May 31st; that on June 11th, the Honorable Robert O. Roylston, Judge of the Superior Court, entered an order granting leave to file and prosecute the appeal in forma pauperis and ordering the record be furnished to Lopez at the expense of the county; that thereafter, on June 25th, the Honorable John F. Molloy, Judge of the Superior Court of Pima County, entered an order directing Lopez to show cause why the order entered by Judge Roylston on June 11th should not be set aside and the appeal dismissed; and that on July 5, 1963, the Honorable Alice N. Truman, Judge of the Superior Court of Pima County, Arizona, entered an order setting aside the order of Judge Roylston and further ordering that the appeal be dismissed.

An appeal may be taken in this Court by the filing with the clerk of the superior court a notice, in writing, stating that the appellant appeals from a judgment, ruling or sentence. Rule 350, Rules of Criminal Procedure, 17 A.R.S. In the case of a criminal appeal, no bond is required and the appeal is perfected by the filing of the notice. The superior court then loses all jurisdiction of the case except to act in furtherance of the appeal. Application of Lavis, 96 Ariz. 316, 394 P.2d 655; Baragan v. Eyman, 93 Ariz. 227, 379 P.2d 900; State v. Superior Court In and For Pima County, 86 Ariz. 231, 344 P.2d 736; State v. Peters, 60 Ariz. 102, 131 P.2d 814; Gotthelf v. Fickett, on rehearing, 37 Ariz. 413, 294 P. 837; Sam v. State, 33 Ariz. 421, 265 P. 622; Navajo Realty Co. v. County National Bank & Trust Co. of Santa Barbara, 31 Ariz. 128, 250 P. 885.

In Navajo Realty Co. v. County National Bank & Trust Co., supra, we said:

"When an appeal to this court has been perfected, the trial court loses all

jurisdiction of each and every matter connected with the case, except in furtherance of the appeal, unless it is expressly given jurisdiction by statute." 31 Ariz. 128, 135–136, 250 P. 887.

In State v. Peters, supra, we said:

"When the supplemental motion for new trial was filed in the superior court on February 11, the appeal had already been perfected and the superior court had lost jurisdiction of the case for all purposes except such as were in furtherance of the appeal. Gotthelf v. Fickett, 37 Ariz. 322, 413, 294 P. 837. We think a new motion for new trial asking the court to make an order which, if valid, would have taken the appeal out of the jurisdiction of this court and remanded it to the superior court, could hardly be considered in furtherance of the appeal, and the trial court very properly refused to consider it." 60 Ariz. 102, 106, 131 P.2d 814, 816.

In Baragan v. Eyman, supra, we said:

"This rule commands the clerk to transmit the notice of appeal and record on appeal to the supreme court. It leaves no discretion in the trial court for a determination of any sort as to the merits, the grounds or the timeliness of the filing of the appeal. Neither does it leave any discretion in the

trial court for a determination as to whether the record on appeal shall be transmitted to the supreme court." 93 Ariz. 227, 230, 379 P.2d 900, 902.

■ The Superior Court of Pima County, upon the filing of the notice of appeal to this Court, had no further jurisdiction in the matter and its action in dismissing the appeal was void. Its action in setting aside the order of Judge Roylston granting leave to perfect the appeal in forma pauperis was also void as not being in furtherance of the appeal. Application of Lavis, supra.

■ By Rule 361, Rules of Criminal Procedure, the clerk of the superior court has the duty to transmit to the clerk of the supreme court within twenty days, unless a longer time is granted by the trial court, the notice of appeal and the record on appeal. This duty is prescribed by the rules and is ministerial. It is not subject to any order, direction or control of the superior court as to whether it will or it will not be done. The record must be transmitted to this Court and it is this Court's responsibility alone to decide whether the appeal has been properly or timely perfected.

■ The Superior Court of Pima County is directed to vacate the order of dismissal and reinstate the order granting leave to prosecute the appeal in forma pauperis. The clerk of the superior court is directed to promptly and expeditiously forward to

this Court the record on appeal as is provided in the Rules of Criminal Procedure, 17 A.R.S. Accordingly, the motion for leave to take a delayed appeal is ordered denied.

LOCKWOOD, C. J., and BERNSTEIN, UDALL, and McFARLAND, JJ., concurring.