IN THE
# ARIZONA COURT OF APPEALS
DIVISION TWO

───────────────────────

CRISTOBAL CARDENAS,
*Petitioner,*

*v.*

HON. JASON R. HOLMBERG, JUDGE OF THE SUPERIOR COURT
OF THE STATE OF ARIZONA, IN AND FOR THE COUNTY OF PINAL,
*Respondent,*

*and*

THE STATE OF ARIZONA,
*Real Party in Interest.*

No. 2 CA-SA 2023-0086
Filed February 13, 2024

───────────────────────

Special Action Proceeding
Pinal County Cause No. S1100CR202102492

**JURISDICTION ACCEPTED; RELIEF DENIED**

───────────────────────

COUNSEL

Kate Milewski, Pinal County Public Defender
By Kai Henderson, Defender Attorney, Florence
*Counsel for Petitioner*

Kent P. Volkmer, Pinal County Attorney
By Geraldine L. Roll, Deputy County Attorney, Florence
*Counsel for Real Party in Interest*

**OPINION**

Vice Chief Judge Staring authored the opinion of the Court, in which Judge Sklar and Judge O'Neil concurred.

S T A R I N G, Vice Chief Judge:

**¶1**　　　　Petitioner Cristobal Cardenas asks this court to accept special action jurisdiction and vacate the respondent judge's order denying his request to stay sentencing.  Cardenas argues that, because he filed a notice of appeal from the respondent's denial of his motion for a new trial, the trial court no longer had jurisdiction to proceed with sentencing.  We accept jurisdiction and deny relief.

**¶2**　　　　On August 22, 2023, a jury found Cardenas guilty of kidnapping and three counts of sexual assault.  The respondent judge set the case for sentencing and ordered the preparation of a presentence report.  Cardenas filed a timely motion for new trial, which the respondent denied.  Cardenas then filed a timely notice of appeal from that denial.  Cardenas also argued that notice of appeal deprived the trial court of jurisdiction.  The respondent subsequently denied "any request to stay this matter regarding sentencing."  This petition for special action followed.

**¶3**　　　　Our exercise of special action jurisdiction is appropriate when a petitioner has no "equally plain, speedy, and adequate remedy by appeal."  Ariz. R. P. Spec. Act. 1(a).  This is particularly so when, as in this case, the issue presented is "a purely legal question, is of statewide importance, and is likely to arise again." *Lear v. Fields*, 226 Ariz. 226, ¶ 6 (App. 2011) (quoting *Vo v. Superior Court*, 172 Ariz. 195, 198 (App. 1992)).  Likewise, we may accept special action jurisdiction when there is a risk the respondent judge will proceed "without subject matter jurisdiction in excess of . . . authority." *Grosvenor Holdings, L.C. v. Figueroa*, 222 Ariz. 588, ¶ 8 (App. 2009) (quoting *Kadera v. Superior Court*, 187 Ariz. 557, 559 (App. 1996)).  We therefore accept special action jurisdiction to address the jurisdiction of the trial court in these circumstances.

**¶4**　　　　Cardenas argues the filing of a notice of appeal from an order denying a motion for new trial deprives the trial court of jurisdiction and the respondent judge therefore should have stayed the sentencing hearing.  Thus, he relies on the long-standing principle that perfection of an appeal

transfers a matter to the appellate court and therefore generally deprives the trial court of jurisdiction. *See Inspiration Consol. Copper Co. v. Mendez*, 19 Ariz. 151, 154-55 (1917), *overruled on other grounds by Consol. Ariz. Smelting Co. v. Egich*, 22 Ariz. 543 (1920). The rationale underlying this jurisdictional principle is to prevent parties and the court from "render[ing] the judgments of [the appellate] court nugatory, and its decrees a laughing stock." *Sam v. State*, 33 Ariz. 421, 426 (1928) (quoting *Navajo Realty Co. v. Cnty. Nat'l Bank & Tr. Co. of Santa Barbara*, 31 Ariz. 128, 136 (1926)). Accordingly, "[a] trial court may not render any decision that would defeat or usurp an appellate court's jurisdiction of a case on appeal." *State v. O'Connor*, 171 Ariz. 19, 21 (App. 1992). But it "retains jurisdiction to act so long as that act cannot negate the decision in a pending appeal or frustrate the appeal process." *Id.* at 22.

¶5        We see no reason to depart from the general principle in this case. Allowing the trial court to sentence Cardenas would not negate or frustrate the pending appeal from the denial of a motion for new trial. The sentencing will have no effect on the outcome of the current appeal. If the appeal is successful, Cardenas will receive a new trial. If the appeal is unsuccessful, he will serve the sentence, barring a later reversal of the conviction in a subsequent appeal. Further, this disposition is consistent with Rule 26.3, Ariz. R. Crim. P., which requires the trial court to pronounce sentence no more than thirty days, or, under limited circumstances, sixty days, after the determination of guilt.

¶6        For these reasons, although we accept special action jurisdiction, we deny relief.