NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

AXT ANALYTICS, LLC, et al.,
*Plaintiffs/Appellants*,

*v.*

GORDON REES SCULLY MANSUKHANI, LLP, et al.,
*Defendants/Appellees*.

No. 1 CA-CV 24-0631

FILED 11-26-2025

Appeal from the Superior Court in Maricopa County
No. CV2021-009326
The Honorable Dewain D. Fox, Judge

**DISMISSED IN PART AND AFFIRMED IN PART**

COUNSEL

Frost LLP, Phoenix
By Amy W. Hoffman
*Counsel for Plaintiffs/Appellants*

Righi Fitch Law Group, PLLC, Phoenix
By Elizabeth S. Fitch, Benjamin L. Hodgson
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Kent E. Cattani joined.

---

**T H U M M A**, Judge:

¶1 Plaintiffs AXT Analytics, LLC, and Frederic Buonincontri appeal from the denial of their motion to compel and the grant of motions to dismiss and for summary judgment in favor of defendants Gordon Rees Scully Mansukhani, LLP (Gordon Rees); John L. Condrey and Kira N. Barrett, as well as an award of attorneys' fees and non-taxable costs to defendants. Because AXT avowed during oral argument to this court that it was withdrawing its appeal, that portion of the appeal is dismissed. Because Buonincontri has shown no error, the rulings against him are affirmed.

**FACTS AND PROCEDURAL HISTORY**

¶2 The precursor to this litigation was a case plaintiffs filed in October 2018 (the 2018 case) against ORHub Inc., which was represented by defendants. Buonincontri and others purchased ORHub debt pursuant to a Note Agreement, becoming Note Holders. The Note Agreement appointed ORHub as Note Agent, with certain powers and responsibilities. In the 2018 case, Buonincontri and AXT alleged ORHub defaulted under the Note Agreement.

¶3 Various Note Holders assigned their claims to AXT. Plaintiffs in the 2018 case sought to have AXT replace ORHub as the Note Agent. In May 2019, the superior court removed ORHub as Note Agent, appointed AXT as Note Agent and required ORHub to provide AXT financial information. The court in the 2018 case later sanctioned ORHub for failing to provide financial information. Although the Note Holders settled with ORHub in June 2020, the 2018 case continued.

¶4 In June 2021, plaintiffs filed this case against defendants arguing they had (1) aided and abetted ORHub's breach of fiduciary duty, breach of the covenant of good faith and fair dealing and constructive or actual fraud; (2) conspired with ORHub; (3) abused process and (4) wrongfully instituted civil proceedings. Plaintiffs later moved to compel

responses to discovery requests, alleging defendants could not claim privilege for their communications with ORHub based on the crime-fraud exception to the attorney-client privilege. The superior court denied that motion.

¶5 After litigating for two years, in early June 2023, counsel for plaintiffs moved to withdraw, noting they "were not able to reach" their clients. The court granted that motion, putting in place a procedure for communication "[u]ntil replacement counsel appears." The court entered a stipulated order extending by 45 days all deadlines to allow "sufficient time for the Plaintiffs to engage new counsel."

¶6 At the end of those 45 days, no new counsel had appeared for plaintiffs, no further extension was requested, and plaintiffs had not engaged new counsel. Instead, in August 2023, as a self-represented litigant, Buonincontri filed a response to defendants' motion for summary judgment. Buonincontri claimed to be filing on his own behalf, asserting AXT had "revocably assigned all rights, claims and interest in this case to" him. Buonincontri added, however, that "Plaintiffs are in the process of retaining counsel and expect this pro se status of the undersigned to be temporary." But nothing changed. Instead, Buonincontri continued to make filings on behalf of AXT, despite being admonished by the court that AXT "can appear only through counsel" and "any appearance without counsel is defective." Moreover, the court noted that Buonincontri had not presented evidence of the claimed assignments.

¶7 In November 2023, defendants moved to dismiss AXT's claims. Buonincontri responded, asserting that AXT had re-assigned the Note Holders' claim assignments to Buonincontri, meaning he "holds full title to the claims and can maintain the full claims in his own name." After full briefing, the superior court granted the motion because "more than eight months have passed since [c]ounsel withdrew from representing" AXT, the court had "repeatedly [] warned Plaintiffs that AXT must appear through counsel and Mr. Buonincontri cannot represent AXT in this action." *See State v. Eazy Bail Bonds*, 224 Ariz. 227, 229 ¶ 12 (App. 2010) ("A corporation cannot appear in superior court except through counsel;" "Until a corporation appears in court by counsel, its appearance is defective.").

¶8　　　　Defendants sought summary judgment against Buonincontri, arguing he failed to timely disclose damages, and he lacked standing because he had assigned his rights to AXT. Buonincontri countered that a purported expert witness could testify to the value of the settlement agreement and he had standing because AXT had transferred the claims it held to him. After full briefing, the court granted defendants' motion for summary judgment on both grounds.

¶9　　　　Buonincontri filed various motions to reconsider, all of which were denied. Defendants sought attorneys' fees and expenses under Arizona Revised Statutes (A.R.S.) § 12-349(A)(3) (2025),[1] arguing plaintiffs unreasonably expanded and delayed the litigation. After full briefing, the court awarded defendants $74,637 in fees, $36,932.49 in non-taxable expenses and $2,906.07 in taxable costs. On June 25, 2024, the court entered a final judgment. *See* Ariz. R. Civ. P. 54(c). Buonincontri then filed a timely notice of appeal on his own behalf and purportedly for AXT. In October 2024, after the superior court denied various Rule 59 and 60 motions, counsel filed a notice of limited appearance for plaintiffs, and a notice of appeal on behalf of AXT from the June 25, 2024, final judgment.

## DISCUSSION

### I.　　AXT's Appeal is Dismissed.

¶10　　　　During oral argument before this court, counsel for appellants conceded that AXT had abandoned its appeal. Counsel first indicated that "[d]ismissal of AXT for failure to get counsel is not what we have appealed." After later confirming AXT was not an appellant, the court asked "There is no appeal in front of [the court] on the AXT dismissal?" and appellants' counsel answered "Correct." Appellees' counsel made no objection to that concession. Given that AXT has now expressly withdrawn its appeal, AXT's appeal is dismissed. *See Wigglesworth v. Mauldin*, 195 Ariz. 432, 434 ¶ 1 n.1 (App. 1999) (noting appellant conceded that an appellee was not responsible for the actions challenged "and therefore apparently withdraws his appeal as to that defendant"); *cf. Navajo Realty Co. v. Cnty. Nat'l Bk. & Tr. Co. of Santa Barbara*, 31 Ariz. 128, 136 (1926) (noting general rule that "the parties may withdraw their appeal") (citation omitted).

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

## II. The Superior Court Did Not Err in Denying Plaintiffs' Motion to Compel.

**¶11** Buonincontri argues the superior court erred in denying his motion to compel seeking communications between defendants and ORHub. He contends those communications "were critical for prosecution of the case" and are exempt from attorney-client privilege under the crime-fraud exception. This court reviews that ruling for an abuse of discretion. *See Twin City Fire Ins. Co. v. Burke*, 204 Ariz. 251, 253 ¶ 10 (2003) (citing cases).[2]

**¶12** Arizona's crime-fraud exception to the attorney-client privilege applies "when there is a prima facie showing that a communication with an attorney was used to perpetuate a crime or fraud." *Kline v. Kline*, 221 Ariz. 564, 573 ¶ 34 (App. 2009) (citation omitted). The party claiming this exception must "present prima facie evidence 'to give colour to the charge' that shows that the charge has 'some foundation in fact.'" *Id.* at 573 ¶ 35 (citation omitted).

**¶13** Buonincontri concedes that the only evidence provided to support this exception was an email from ORHub, stating it had been advised by counsel to submit a "removal and designation agreement" to Note Holders to appoint a new note agent. Buonincontri has not shown how that advice would constitute the prima facie evidence required to invoke the crime-fraud exception to the attorney-client privilege. *See Kline*, 221 Ariz. at 573 ¶¶ 34-37.

**¶14** Buonincontri also argues the superior court erred in failing to conduct an in camera review of the communications. He argues wresting control over the Note Agent from AXT was the first part of a "scheme or artifice to defraud" the Note Holders. As the superior court noted, however, the email reflecting this communication suggests nothing other than defendants communicating with ORHub (their client) about replacing AXT as a Note Agent. The email does not mandate a conclusion that privileged communications would reveal evidence of a crime or fraud. *See Clements v. Bernini*, 249 Ariz. 434, 438 ¶ 1 (2020) (requiring "'a factual basis adequate to support a good faith belief by a reasonable person' that in camera review of

---

[2] Defendant argues that this court lacks jurisdiction to review the ruling on the motion to compel under *Michael Weller, Inc. v. Aetna Cas. & Sur. Co.*, 126 Ariz. 323, 327–28 (App. 1980). But a timely appeal from a final judgment authorizes this court to review, where appropriate, interlocutory orders leading up to that judgment. *See* A.R.S. § 12-2102(A).

the materials may reveal evidence to establish the claim that the crime-fraud exception applies") (citations omitted). Buonincontri fails to show the crime-fraud exception applied or that the superior court erred in denying the motion to compel.

## III. The Superior Court Did Not Err in Granting Defendants' Motion for Summary Judgment Against Buonincontri.

**¶15** This court reviews de novo whether summary judgment is proper, including whether genuine issues of material fact exist and whether the superior court properly applied the law. *Dreamland Villa Cmty. Club, Inc. v. Raimey*, 224 Ariz. 42, 46 ¶ 16 (App. 2010). This court "will affirm the superior court if its determination 'is correct for any reason, even if that reason was not considered' by the court." *State ex rel. Montgomery v. Mathis*, 231 Ariz. 103, 109 ¶ 17 (App. 2012) (citation omitted).

**¶16** When opposing summary judgment, Buonincontri claimed that he "and AXT incurred fees, costs, and expenses related to the ORHub litigation," including legal and litigation costs and expenses, in an amount not less than $915,000." The sole reference to that amount was a recital in a June 2020 settlement agreement, stating "Buonincontri *and* AXT have incurred fees, costs, and expenses related to the Noteholder Lawsuit, including litigation and settlement transaction costs and expenses, *in claimed amount of not less than $915,000.*" (Emphasis added.) Buonincontri's statement of facts conceded that notes were exchanged for the $915,000.

**¶17** In their reply, defendants objected, arguing the recital was inadmissible hearsay. Defendants also argued that Buonincontri claimed an entitlement to the difference between the amounts payable under the Notes and the value received under the settlement agreement. As Defendants argued Buonincontri "failed to timely disclose a computation of" his "net losses or evidence supporting the worth of the settlement." Defendant also argued it was too late for Buonincontri to disclose that necessary information.

**¶18** As the superior court concluded, Buonincontri did not timely disclose any admissible trial evidence supporting his damages claim, even though he had years to do so. No net damage value was provided for any of the claims. Nor has Buonincontri shown that the superior court erred in finding he failed to timely disclose purported damages opinions in a declaration by Michael S. Williams. As the court stated, the par value referenced in the Williams' declaration does not establish the market value. *See Virginia v. West Virginia*, 238 U.S. 202, 220 (1915) ("Shares represent the

proportionate interest of the shareholders in the corporate enterprise, and a rule that this interest, in the absence of all supporting evidence, should be taken as actually worth the par of the shares, would be wholly artificial."). The court concluded the Williams' declaration was untimely and Buonincontri did not seek leave of court to excuse his untimely disclosure. *See* Ariz. R. Civ. P. 37(c)(4).

**¶19** As noted by the superior court, the only damages Buonincotri had attempted to disclose were in his complaint, which indicated that settlement proceeds "were low in value relative to [his] damages and the final damages would be determined at trial." Such an allegation does not contain the disclosure required for damages, Ariz. R. Civ. P. 26.1(a)(7), or for expert testimony, Ariz. R. Civ. P. 26.1(d). Moreover, allegations in a complaint cannot defeat a proper motion for summary judgment. *See* Ariz. R. Civ. P. 56(e) ("When a summary judgment motion is made and supported as provided in this rule, an opposing party may not rely merely on allegations or denials of its own pleading."). Given this lack of timely disclosure, Buonincontri has not shown that the superior court erred in granting defendants' motion for summary judgment.[3]

## IV. The Superior Court Did Not Err in Awarding Defendants Attorneys' Fees Under A.R.S. § 12-349.

**¶20** By statute, "the court shall assess reasonable attorney fees, expenses and, at the court's discretion, double damages of not to exceed five thousand dollars against an attorney or party . . . if the attorney or party . . . [u]nreasonably expands or delays the proceeding." A.R.S. § 12-349(A)(3). This court will affirm findings of fact unless clearly erroneous and reviews legal issues de novo. *See Fisher ex rel. Fisher v. Nat'l Gen. Ins. Co.*, 192 Ariz. 366, 370 ¶13 (App. 1998). Buonincontri argues that the superior court erred in applying Section 12-349 for three reasons.

**¶21** First, Buonincontri argues that "[t]he litigation was not unnecessarily delayed by AXT's failure to dismiss its own claims" and "Buonincontri could bring the claims of the Note Holders as an assignee." But AXT failed to dismiss its own purported claims, causing significant delay in resolving the case, and AXT has not appealed the sanctions imposed against it. Moreover, even if Buonincontri could bring claims as an

---

[3] Given this conclusion, the court need not address Buonincontri's other claims challenging the entry of summary judgment grant against him.

assignee, he failed to make timely and required disclosures as noted above, thereby defeating such claims.

¶22        Second, Buonincontri argues he "had his own claims, and re-assignment to Buonincontri of his own claim both provided him standing and could not be prohibited by the unauthorized practice of law. Thus, any actions taken by [defendants] to defend against the claims of AXT would have had to be taken anyway, as Buonincontri remained a proper party." Again, however, AXT was a plaintiff, acting at Buonincontri's direction, until it conceded its claims on appeal. And, again, Buonincontri's purported claims failed for lack of disclosure. Stated simply, Buonincontri's hypothetical argument about defending against his claims even if AXT was not a plaintiff do not reflect the facts of this case.

¶23        Third, Buonincontri argues that, although the superior court stated it considered the factors listed in A.R.S. § 12-350, it "did not point to any particular factor, other than AXT's failure to retain counsel." But A.R.S. § 12-350 requires only that, in awarding fees under A.R.S. § 12-349, "the court 'set forth the specific reasons for the award.' This provision mandates no particular form for these findings." *Phx. Newspapers, Inc. v. Dep't of Corr.*, 188 Ariz. 237, 243 (App. 1997) (citing cases). The court complied with its obligations.

¶24        In imposing sanctions, after rejecting some grounds for sanctions defendants offered, the court found plaintiffs "unreasonably delayed resolution of this case and caused Defendants to incur unnecessary attorneys' fees and expenses by continuing to pursue AXT's claims for many months without retaining replacement counsel." In doing so, the court focused on Buonincontri's conduct, both on behalf of AXT and on his own behalf. The court found Buonincontri continued to purport to act on behalf of AXT when he had no authority to do so and otherwise prolonged the proceedings, including his failure to comply with the court's "repeated warnings." The court also concluded that significant "attorneys' fees and expenses could have been avoided if Buonincontri had not persisted in litigating AXT's claims." Given the failure of AXT to secure counsel or appeal from sanctions imposed against it, as well as Buonincontri's actions, the court properly awarded defendants attorneys' fees and non-taxable expenses incurred after October 1, 2023. On this record, Buonincontri has not shown that the superior court failed to consider the factors listed in A.R.S. § 12-350. For all of these reasons, plaintiffs have not shown that the superior court's sanctions under A.R.S. § 12-349(A)(3) were error.

**ATTORNEYS' FEES AND COSTS ON APPEAL**

¶25       Defendants request attorneys' fees and costs on appeal pursuant to A.R.S. § 12-349(A)(3) (authorizing sanctions for an attorney or party that "[u]nreasonably expands or delays the proceeding."). Defendants first point to actions by plaintiffs in superior court, which that court already sanctioned. Defendants then assert that this appeal "is simply a continuation" of "relitigating matters unreasonably." As noted above, AXT now has counsel and has withdrawn its appeal. Moreover, defendants have not shown that, for example, failing to address on appeal "the nine different cases cited by the trial court showing that the tactic of assigning claims to avoid the requirement to retain licensed counsel has nearly universally been disallowed" is sanctionable because it "[u]nreasonably expands or delays" the appeal. A.R.S. § 12-349(A)(3). And defendants have not shown that, had AXT not appealed or had dismissed its appeal earlier, the appeal would have been significantly narrowed or resolved in a more expedited manner. Thus, and recognizing the appeal failed across the board, defendants have not shown that plaintiffs should be sanctioned for pressing it under A.R.S. § 12-349(A)(3). As the successful parties on appeal, however, defendants are awarded their taxable costs contingent upon their compliance with ARCAP 21.

**CONCLUSION**

¶26       The judgment is affirmed.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:                JR