451 P.2d 872

Greta S. SOLOVE, Petitioner,

v.

The Honorable Thomas TANG, Judge of Superior Court, Maricopa County; and Richard J. SOLOVE, real party in interest, Respondents.

No. 9418.

Supreme Court of Arizona,
In Banc.

March 17, 1969.

David M. Lurie, Phoenix, and John Trombino, Glendale, for petitioner.

Johnson & Shaw, Phoenix, for respondents.

UDALL, Chief Justice.

Greta S. Solove, hereinafter referred to as Greta, petitioned this court for a writ of certiorari or mandamus against superior court judge Tang; the real party in interest is her former husband Richard J. Solove, hereinafter referred to as Richard. On October 1, 1968 we ordered a writ of certiorari to issue, and announced that our opinion would follow.

Greta and Richard were divorced in Columbus, Ohio in 1961 and litigation over the custody of their three minor children continued for several years. By 1967, Richard could claim custody of all three children under final court orders. Greta left Ohio, went to Phoenix with the children, and lived there for several years despite the order giving custody to Richard. He located them through a private detective agency, and filed a petition in superior court for a writ of habeas corpus to regain custody of them. He also filed a petition for a writ of ne exeat, had Greta incarcerated, and flew the children to the east coast while the habeas corpus action was pending. The amended return to the writ of habeas corpus alleges that Gregg and Jerome returned to Greta in Phoenix and that this was accomplished because they "voluntarily took advantage of an opportunity to escape from Richard J. Solove in Hartford, Conn."

It is obvious that even though both parents are convinced that their actions over the years are in the best interests of the children, each parent is contributing to their confusion and to the creating of an unstable environment which cannot help being detrimental to the children's well-being.

The trial court, after hearing evidence and talking privately with each child, on September 10, 1968 found that Greta, in removing the children from Ohio, violated both an agreement with Richard, and the order of the Ohio court, and that Richard's activities had been in accordance with the law, and not in contempt of the law. The court then ordered that custody of the chil-

dren should remain in the mother and that "the custody of the children be forthwith accomplished." Supersedeas bond was set at $7,500.00.

On the following day the court summoned the parties' attorneys and announced that he had—without request by either side—reconsidered his order; that the order entered on the previous day would be amended so as not to become effective until July 15, 1969; that the writ of habeas corpus would be granted, and the physical custody of the children would be restored to Richard as soon as he put up a $7,500 bond to insure the return of the children to Greta the following July. The court also reduced the size of the supersedeas bond to $5,000.00.

A few days after entry of the above order, Greta filed her petition in this court for mandamus or certiorari. The petition does not clearly state for what purpose the writ is desired, but from a careful reading of the petition and of the attached memorandum of points and authorities it would appear that the sole relief desired was a reduction in the penalty of the supersedeas bond to a figure within Greta's financial capabilities.

We are not concerned with the merits of this case. It is presently pending in the court of appeals which will hear it in due course and will determine the correctness of the trial court's decision. We are concerned only with the question of whether the penalty of the supersedeas bond was fixed at a figure higher than necessary, and so high as to effectively deny the right to stay the execution of the order pending the appeal from it.

■ We granted the writ, reduced the bond from $5,000 to $1,000, and stayed proceedings in the superior court long enough to give Greta time to post the bond. We did this because we felt that a $1,000 bond was sufficiently high to assure payment by Greta of all damages that Richard might sustain by reason of the staying of the final order of the superior court. As we

said in Allison v. Chatwin, 99 Ariz. 99, 407 P.2d 69:

"A bond should be no larger than the amount necessary to give this assurance."

■■ It is the attorney's duty to see that the writ is served, if he wishes to avail himself of its benefits. A.R.S. § 12–2005. The record indicates that Greta's attorney has failed to serve the writ issued by the clerk of this court. As a result, the record has never been certified to us. Since we reduced the penalty of the supersedeas bond, Greta was able to, and did, post the bond, and the case is now pending on appeal. Because she has received the relief for which her petition was filed with this court, and because the record is probably now in the court of appeals, it is easy to understand why Greta's attorney has made no attempt to serve the writ of certiorari. Since the question is now moot, the writ ought not to be allowed to float about in limbo, and is therefore quashed.

McFARLAND and HAYS, JJ., concur.

NOTE: Vice Chief Justice LORNA E. LOCKWOOD, having announced her disqualification, did not participate in the determination of this appeal.

STRUCKMEYER, Justice (dissenting).

I disagreed with the majority of the court when they took jurisdiction of this cause. The Solove children were placed in the custody of their father by the Ohio Court. They were then taken [kidnapped] by their mother, Greta, and brought to Arizona, where they lived for several years before the father finally located them through a private detective agency. On these facts the court below properly ordered that the physical custody of the children be returned to the father. The mother appealed and in order to stay the order, requested the trial court to fix a bond on supersedeas. Supersedeas was fixed at $5,000.00.

I am of the opinion that the court below acted within acceptable limits of its discre-

tion. Petitioner flouts the orders of the courts of the State of Ohio—the State of the children's residence. There is no reason to believe that she is apt to treat the orders of the Arizona Court with more respect. This is a case in which the majority simply supplant the judgment of the trial judge who heard all the evidence in the case. It is not a proper case for certiorari.

I dissent.