774 P.2d 818

**In the Matter of BRUCE CHURCH, INC., a corporation, Petitioner,**

**v.**

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF YUMA, the Honorable H. Stewart Bradshaw, a judge thereof, Respondent Judge,**

**and**

**UNITED FARM WORKERS OF AMERICA, AFL–CIO, Real Party in Interest.**

**No. 1 CA–SA 89–059.**

Court of Appeals of Arizona, Division 1, Department D.

May 23, 1989.

Westover, Choules & Shadle by A. James Clark, Yuma, for petitioner.

Lyons, Macri–Ortiz, Schneider, Dunphy & Camacho by Dianna Lyons, Sacramento, and Antonio Bustamante, Tolleson, for real party in interest.

## OPINION

CLABORNE, Judge.

This petition for special action concerns the adequacy of a supersedeas bond fixed by the trial court to stay the execution of an unconditional money judgment rendered by a jury against the real party in interest, United Farm Workers of America, AFL–CIO, in the amount of $5,403,016.00. The trial court stayed the execution of judgment pending appeal and fixed a supersede-

as bond in the amount of $250,000.00. The trial court made no specific findings.

We accepted jurisdiction because there is no adequate remedy by appeal to correct the alleged error of the trial court. Rule 1(a), Arizona Rules of Procedure for Special Actions.

We decide two issues:

(A) Is it error for the trial court to fix a supersedeas bond in an amount substantially less than the judgment?

(B) Does the trial court have discretion to fix alternate security provided that the judgment creditor is protected during the pendency of appeal?

We answer yes to both questions.

## FACTS

Petitioner, Bruce Church, Inc., filed an action against the United Farm Workers of America (union) in Yuma County Superior Court. After extensive pretrial discovery, the matter was tried in the summer of 1988. A jury verdict was rendered and, on August 31, 1988, judgment was entered in favor of Bruce Church, Inc. and against the union in the amount of $5,403,016.00.

In September, a motion to stay enforcement of judgment was filed by the union. Attached to the motion was an affidavit signed by Cesar Chavez, president and founder of the union, containing information concerning the financial condition of the union together with other documents relating to its financial affairs.*

Arguments, but apparently no evidentiary hearing, were held in March of 1989. After the argument, the court ruled in the following manner:

The court: Well, I am convinced of two things. Number one, that I ought to make an order which will allow the parties to present this case to the appellate courts to make a determination. If I had been of a mind to struggle with the constitutionality of the statute I can tell you quite honestly I would not have declared it unconstitutional. But I think that mat-

---

* The affidavits and other financial records provided by the union suggested that if the court required a supersedeas bond in the full amount of the judgment plus interest and costs, the sum would be so great that if the union complied it would be financially destroyed. No contradictory evidence by the judgment creditor was offered during these arguments.

ter has to be decided, and certainly by a court other than this one.

I think there is good cause shown, because if I fix a bond in the amount of the judgment I fear that I am denying someone the right to appeal. I will, therefore, fix a supersedeas bonds [sic] in this matter in the sum of $250,000, and I will stay execution for a period of 15 days for the filing of that bond.

It is from this order setting a supersedeas bond in the amount of $250,000.00 that petitioner seeks relief.

■ The general rule is that an appeal from an unconditional money judgment does not prohibit or stay the right of the judgment creditor to attempt to collect from or execute on the assets of the judgment debtor. *Anderson v. Pickrell*, 115 Ariz. 589, 566 P.2d 1335 (1977); *Fite v. Lee*, 11 Wash.App. 21, 521 P.2d 964, 97 A.L.R.3d 678 (1974); *Liberty National Ins. Co. v. Eberhart*, 398 P.2d 997, 998 (Alaska 1965).

■ Petitioner contends that in order to stay the execution of an unconditional money judgment pending appeal, the judgment debtor must post a bond which covers at least the entire amount of the judgment together with estimated interest and costs on appeal as required by Rule 7(a)(2), Arizona Rules of Civil Appellate Procedure. Petitioner's position is that the superior court in Arizona has no discretion in fixing the amount of the bond.

Rule 7(a)(2) reads as follows:

The bond shall be conditioned for the satisfaction in full of the judgment remaining unsatisfied, together with costs, interest, and any damages reasonably anticipated to flow from the granting of the stay including damages for delay, if for any reason the appeal is dismissed or if the judgment is affirmed, and to satisfy in full such modification of the judgment and costs, interest, and damages as the appellate court may adjudge and award, unless the superior court, after notice and hearing and for good cause shown, fixes a different amount or orders security or imposes conditions other than or in addition to the bond. In determining the amount of the bond, the court shall con-

sider, among other things, whether there is other security for the judgment, or whether there is property in controversy which is in the custody of the sheriff or the court.

There are no definitive Arizona cases construing this rule involving an unconditional money judgment. Those cases involving marital disputes are not helpful since the judgments involved alimony, custody, community property division, or a combination of one or more of these. *See Anderson v. Pickrell*, 115 Ariz. 589, 566 P.2d 1335 (1977); *Everson v. Everson*, 24 Ariz.App. 239, 537 P.2d 624 (1975); *Solove v. Tang*, 104 Ariz. 291, 451 P.2d 872 (1969); *Allison v. Chatwin*, 99 Ariz. 99, 407 P.2d 69 (1965); *In Application of Lavis*, 96 Ariz. 316, 394 P.2d 655 (1964); *Gotthelf v. Fickett*, 37 Ariz. 322, *reh'g denied*, 37 Ariz. 413, 294 P. 837 (1931). Some states require strict adherence to the posting of a bond containing interest and costs, with no discretion available to the trial court. *Taplin v. Salamone*, 422 So.2d 92 (Fla.1982); *Spriggs Enterprises, Inc. v. Gulf Oil Corp.*, 376 So.2d 1088 (Ala.1979).

The federal courts, on the other hand, have fixed supersedeas bonds in accordance with the predecessor of the present Rule 62(d), Federal Rules of Civil Procedure. The original rule provided as follows:

Whenever an appellant entitled thereto desires a stay on appeal, he may present to the court for its approval a supersedeas bond which shall have such surety or sureties as the court requires. The bond shall be conditioned for the satisfaction of the judgment in full together with costs, interest, and damages for delay, if for any reason the appeal is dismissed or if the judgment is affirmed, and to satisfy in full such modification of the judgment and such costs, interest, and damages as the appellate court may adjudge and award. When the judgment is for the recovery of money not otherwise secured, the amount of the bond shall be fixed at such sum as will cover the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest,

and damages for delay, *unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond.* Former Rule 73(d), Federal Rules of Civil Procedure (emphasis added). *See also Poplar Grove Planting & Refining Co., Inc. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1191 (5th Cir.1979). We feel that when dealing with unconditional money judgments and supersedeas bond questions, the federal authorities provide the most reasonable approach.

Both the Arizona and the federal courts recognize that the purpose of posting a supersedeas bond is to preserve the *status quo* pending appeal. *Poplar Grove Planting & Refining Co., Inc.,* 600 F.2d at 1190–91; *Porter v. Commercial Standard Ins. Co.,* 112 Ariz. 491, 493, 543 P.2d 1120, 1122 (1975). A judgment creditor's right to secure his money judgment during the appeal process is no less important than the judgment debtor's right to be free from execution while exercising his appellate rights. *Poplar Grove Planting & Refining Co., Inc.,* 600 F.2d at 1191. The judgment creditor is entitled to secured protection of his judgment during the appeal process even when the judgment debtor is put to a hardship in providing security. *See Olympia Equipment Leasing Co. v. Western Union Telegraph Co.,* 786 F.2d 794 (7th Cir.1986).

■ Normally a supersedeas bond should be posted in an amount which secures the total judgment together with an amount which reasonably covers costs, interest and any damages which might be attributed to the stay pending appeal. *Poplar Grove Planting & Refining Co., Inc.,* 600 F.2d at 1191.

However, we feel, as do the federal authorities, that the rule and the inherent discretion and power of the trial court allow for flexibility in the determination of the nature and extent of the security required to stay the execution of the judgment pending appeal. *Id. See also Trans World Airlines, Inc. v. Hughes,* 515 F.2d 173 (2d Cir.1975), *cert. denied,* 424 U.S. 934, 96 S.Ct. 1147, 47 L.Ed.2d 341 (1976); *C. Albert Sauter Co., Inc. v. Richard S.*

*Sauter Co., Inc.,* 368 F.Supp. 501 (E.D.Pa. 1973).

■ If the trial court finds that the existence of extraordinary facts and circumstances call for departure from the usual cash bond, it may certainly pursue this avenue. *United States v. Kurtz,* 528 F.Supp. 1113, 1115 (E.D.Pa.1981). The burden to provide a secure alternative rests on the judgment debtor. *Poplar Grove Planting & Refining Co., Inc.,* 600 F.2d at 1191. There must be an objective demonstration that the judgment debtor has the financial strength to proficiently respond to a money judgment *and* that the same financial strength and ability to respond will remain undiluted during appeal. *Id.* The fashioning of substitute security and its supervision pending appeal are the duty of the trial court. *Id.*

■ If the trial court sees fit to explore such alternatives it must provide notice, an opportunity to respond, and a hearing. Rule 7(a)(2), Arizona Rules of Civil Appellate Procedure. The dictates of due process should determine the scope of the hearing, and the court must consider any relevant fact bearing on the ability of the debtor to adequately secure the entire judgment, interest and costs. The judgment debtor has the burden not only of providing the reasons for the departure from a straight money bond, but also the obligation of presenting a method reasonably calculated to preserve the status quo pending appeal. *Poplar Grove Planting & Refining Co., Inc.,* 600 F.2d at 1191. A record sufficient to allow review should be made. *Id.*

We find that the judgment herein was neither secured by the bond fixed, nor did the trial court provide a hearing which would explore the alternatives to a supersedeas bond. Therefore, relief is granted, and this matter is remanded to the trial court for further proceedings consistent with this opinion. The stay of execution pending either the setting of a bond securing the judgment or the setting of a hearing to explore alternatives as described

herein shall remain in effect until the trial court acts.

GRANT, C.J., and KLEINSCHMIDT, P.J., concur.