344 P.3d 339

**CITY CENTER EXECUTIVE PLAZA, LLC; Information Solutions, Inc., Jerry and Cindy Aldridge, Petitioners,**

v.

**The Honorable Lee F. JANTZEN, Judge of the Superior Court of the State of Arizona, in and for the County of Mohave, Respondent Judge,**

**Brian Thienes, an individual; John Ball and Monica Ball, husband and wife; The Thompson Family Trust; Juan Bracamonte and Jacqueline Bracamonte, husband and wife; The Refuge Community Association, Inc., Real Parties in Interest.**

**No. 1 CA–SA 14–0254.**

Court of Appeals of Arizona, Division 1.

Feb. 24, 2015.

Perkins Coie, LLP, By Daniel C. Barr, Joshua M. Crum, John H. Gray, Phoenix, Counsel for Petitioners.

Ekmark & Ekmark, LLC, By Penny L. Koepke, Nicole A. Miller, Scottsdale, Beus Gilbert, PLLC, By Franklyn D. Jeans, Cory L. Broadbent, Cassandra H. Ayres, Phoenix, Counsel for Real Parties in Interest.

Judge RANDALL M. HOWE delivered the opinion of the Court, in which Presiding Judge MARGARET H. DOWNIE and Judge PATRICIA K. NORRIS joined.

## OPINION

HOWE, Judge:

¶ 1 City Center Executive Plaza, LLC; Information Solution, Inc.; and Jerry and Cindy Aldridge (collectively, "City Center") seek special action relief from a trial court order that they must post a supersedeas bond of 25% of the full amount of the money judgments. City Center argues that Arizona Revised Statutes ("A.R.S.") § 12–2108 and Arizona Rule of Civil Appellate Procedure ("ARCAP") 7 [1] limit the amount of the bond to the total amount of damages awarded, which it claims is $1.00.

¶ 2 Special action jurisdiction is appropriate here because City Center has "no equally plain, speedy and adequate remedy by appeal" and challenges the setting of a

supersedeas bond. *See* Ariz. R.P. Spec. Act. 1(a); *Salt River Sand & Rock Co. v. Dunevant,* 222 Ariz. 102, 105–06 ¶ 7, 213 P.3d 251, 254–55 (App.2009) (citing *Bruce Church, Inc. v. Superior Court,* 160 Ariz. 514, 515, 774 P.2d 818, 819 (App.1989)) (providing that challenge to the setting of a supersedeas bond is a circumstance where special action jurisdiction is appropriate). Therefore, we accept jurisdiction, grant relief and vacate the trial court's order, and remand the matter for the court to set the supersedeas bond at $1.00, the total amount of damages awarded.

## FACTS AND PROCEDURAL HISTORY

¶ 3 In 2010, Brian Thienes, John and Monica Ball, the Thompson Family Trust, Juan and Jacqueline Bracamonte, and the Refuge Community Association (collectively, the "Association") sued City Center—owners of a neighboring golf course—seeking injunctive relief and damages. The Association opposed redevelopment of the golf course, which included reducing the golf course's size to accommodate an RV park. The matter was tried before a jury, and the jury awarded the Association $1.00 in damages and recommended granting injunctive relief. The trial court accepted the recommendation and permanently enjoined City Center from using the golf course for anything other than golf-related activities. The order did not resolve the parties' requests for attorneys' fees and costs. City Center appealed from the injunction.

¶ 4 In March 2014, the trial court awarded attorneys' fees and costs to the Association and entered two judgments pursuant to Arizona Rule of Civil Procedure 54(b), totaling $2,390,296.87.[2] City Center appealed those judgments ("money judgments").[3] City Cen-

---

1. A new version of Rule 7 became effective January 1, 2015 after City Center filed its special action petition. The amendment renumbered the contents in Rule 7, but made no substantive changes that affected the issue here. We accordingly will refer to the current version of the rule.

2. The trial court entered one judgment for the Refuge Community Association, Inc. and Bob Ballard, Terry Gray, Jill Marshall, Steve Stoner and their spouses for $600,482.46 in attorneys'

fees and $15,844.83 in costs. It entered a second judgment for Brian Thienes, John and Monica Ball, Thompson Family Trust, and Juan and Jacqueline Bracamonte for $1,758,272.73 in attorneys' fees and $15,686.85 in costs.

3. Upon City Center's motion, we consolidated the injunction appeal, 1 CA–CV 14–0077, with the money judgments appeal, 1 CA–CV 14–0264, and designated 1 CA–CV 14–0077 as the primary case number.

ter then moved to stay the money judgments pending their appeal. It also requested that the court set a supersedeas bond at $1.00 pursuant to ARCAP 7. The rule provides that the bond amount necessary to stay execution of a judgment shall be the lowest of the following: total amount of damages awarded excluding punitive damages, 50% of appellant's net worth, or $25 million. *See* ARCAP 7(a). Because the total amount of damages awarded was $1.00 and Rule 7 "strictly limits the amount of a supersedeas bond to 'the total amount of damages awarded,'" City Center argued that the court should set the bond at $1.00.

¶ 5 The Association countered, however, that the bond amount should be set at the full amount of the money judgments ($2,390,-286.87), arguing that the term "damages" under Rule 7 was synonymous with "judgment." The Association also argued that a bond in the full amount of the money judgments was appropriate because City Center had intentionally dissipated assets outside the ordinary course of business to avoid payment of the judgment. The trial court set the supersedeas bond at the full amount of attorneys' fees and costs, totaling $2,390,296.87, without holding a hearing or resolving whether City Center had dissipated assets.

¶ 6 In May 2014, City Center petitioned for special action relief, contending that the trial court erroneously included attorneys' fees and costs in calculating the supersedeas bond. Specifically, City Center argued that the court's ruling conflicted with Rule 7, as well as A.R.S. § 12–2108, which contains language similar to the rule. We accepted jurisdiction, vacated the trial court's order, and directed the court to conduct a hearing to determine an appropriate amount of the supersedeas bond consistent with § 12–2108 and Rule 7. Specifically, we stated that under the statute and the rule, the trial court "must consider, first, the 'total amount of damages awarded,' in accordance with § 12–2108(A)(1) and Rule 7 ..., and then determine whether an upward or downward deviation from that amount is appropriate." We did not address whether "damages" was synonymous with "judgment."

¶ 7 On remand, the trial court held a hearing and reviewed pleadings and evidence from both parties. Pursuant to § 12–2108(A), the court found that the total amount of damages awarded was $1.00, but the "judgment included attorneys' fees." It noted that "[i]t would be highly ineffective to have the verdict of the jury supported by imposing a supersedeas bond of $1.00 because that is the total amount of actual damages awarded. The supersedeas bond should reflect the real stakes and should be posted to protect the rights of the prevailing party." The court then considered § 12–2108(B) and (C). It did not find clear and convincing evidence that City Center dissipated assets, but did find by clear and convincing evidence that posting a bond in the "full amount of the judgment" would likely cause City Center substantial economic harm. The court set the supersedeas bond at 25% of the full money judgments, which was $597,574.22. This second petition for special action followed.

## DISCUSSION

### 1. A.R.S. § 12–2108 and ARCAP 7

¶ 8 City Center argues that the trial court erred by setting the supersedeas bond at 25% of the money judgments because A.R.S. § 12–2108 and ARCAP 7 limit the amount to $1.00, the total amount of the actual damages awarded. The interpretation of a statute is a question of law that we review de novo. *Pawn 1st, L.L.C. v. City of Phoenix*, 231 Ariz. 309, 311 ¶ 13, 294 P.3d 147, 149 (App. 2013). Because the trial court erred by including attorneys' fees as damages, we grant relief and remand the matter for the court to set the supersedeas bond at $1.00, the total amount of damages awarded.

¶ 9 Under a former version of Rule 7, the initial focus in setting a supersedeas bond was on the amount of the "judgment remaining unsatisfied," that is, the "amount which secures the total judgment together with an amount which reasonably covers costs, interest and any damages which might be attributed to the stay pending appeal." *Bruce Church*, 160 Ariz. at 517, 774 P.2d at 821. The language of the rule, however, also gave

a trial court discretion to set the bond in an amount less than the amount of the judgment and to order security or impose conditions other than or in addition to the bond. *Salt River*, 222 Ariz. at 106 ¶ 8, 213 P.3d at 255.

¶ 10 In 2011, the Legislature enacted A.R.S. § 12–2108, and in 2012, the Arizona Supreme Court amended Rule 7 to track the statute's language. The language of § 12–2108 and amended Rule 7 changed the standards under which a supersedeas bond amount is set and now require consideration of the provisions set forth in § 12–2108(A) through (C) and Rule 7(a).

¶ 11 Section 12–2108(A) provides:

If a plaintiff in any civil action obtains a judgment under any legal theory, the amount of the bond that is necessary to stay execution during the course of all appeals or discretionary reviews of that judgment by any appellate court shall be set as the lesser of the following:

1. The total amount of damages awarded excluding punitive damages.

2. Fifty percent of the appellant's net worth.

3. Twenty-five million dollars.

A.R.S. § 12–2108(A). Further, notwithstanding subsection A, "if an appellee proves by clear and convincing evidence that appellant is intentionally dissipating assets outside the ordinary course of business to avoid payment of a judgment, the court may require the appellant to post a bond in an amount up to the full amount of the judgment." *Id.* § 12–2108(B). But "if an appellant proves by clear and convincing evidence that the appellant is likely to suffer substantial economic harm if required to post bond in an amount required under subsection A," the court may lower the bond amount. *Id.* § 12–2108(C).

¶ 12 Thus, the new statute and amended rule set forth a three-step process for deter-mining the amount of a supersedeas bond. The first step requires the trial court to set the bond as the lesser of the following: the total amount of damages awarded, excluding punitive damages; 50% of the appellant's net worth; or $25 million ("the presumed amounts"). A.R.S. § 12–2108(A)(*l* )–(3); AR-CAP 7(a)(4)(A)-(C). That is, the statute and rule require the court to compare the three values and select the smallest amount as the presumed amount of the bond. The second step permits an upward deviation from the presumed amount "up to the full amount of the judgment" if an appellee proves by clear and convincing evidence that the appellant is dissipating assets. A.R.S. § 12–2108(B); ARCAP 7(a)(5)(A). The third and final step permits a downward deviation from the presumed amount if an appellant proves by clear and convincing evidence that it will likely suffer substantial economic harm if required to post a bond in the presumed amount. A.R.S. § 12–2108(C); ARCAP 7(a)(2)(5)(B).

■■ ¶ 13 Here, the trial court erred in considering attorneys' fees as damages in setting the amount of the supersedeas bond.[4] In § 12–2108, the Legislature used the word "damages," and we will construe that word according to its "peculiar and appropriate meaning in the law." *See* A.R.S. § 1–213 (providing that words that have "acquired a peculiar and appropriate meaning in the law" are to be construed according to such peculiar and appropriate meaning); 2A Sutherland Statutory Construction § 47:30 (7th ed.) (providing that legal terms in a statute have their legal meaning, including terms which have been judicially interpreted and terms that possess a meaning in law). In Arizona, courts generally do not construe "damages" to include attorneys' fees. *U.S. Fidelity & Guar. Co. v. Frohmiller*, 71 Ariz. 377, 380, 227 P.2d 1007, 1009 (1951) (holding that attorneys' fees were not damages within meaning of A.R.S. § 12–503); *see also Assyia v.*

---

4. The court also made two procedural errors in applying the statute. First, the court did not compare the total amount of damages awarded—which it calculated to include attorneys' fees—to 50% of City Center's net worth and $25 million to determine which was the "lesser" amount. *See* A.R.S. § 12–2108(A); ARCAP 7(a)(4) ("lowest"). Second, in applying subsection (C), the court did not find that City Center would likely suffer substantial economic harm if required to post a bond in the presumed amount; instead, it considered "the full amount of the judgment." *See* A.R.S. § 12–2108(C); ARCAP 7(a)(5)(B). But because we are remanding the matter for the court to set the bond at $1.00, these errors are inconsequential.

*State Farm Mut. Auto. Ins. Co.,* 229 Ariz. 216, 222 ¶ 21, 273 P.3d 668, 674 (App.2012) (providing that attorneys' fees requested and awarded pursuant to statute are not damages caused by an uninsured driver); *Proctor v. Parada,* 145 Ariz. 203, 204, 700 P.2d 901, 902 (App.1985) (rejecting claim that attorneys' fees were damages pursuant to A.R.S. § 12–2044). We see no reason to diverge from the general rule here. This is not a case where attorneys' fees are a legal consequence of an original wrongful act or any of the other situations where attorneys' fees can be considered damages. *See Desert Mountain Prop. Ltd. P'ship v. Liberty Mut. Fire Ins. Co.,* 225 Ariz. 194, 209 ¶ 61, 236 P.3d 421, 436 (App.2010) ("[W]hen one party's breach of contract places the other in a situation that makes it necessary to incur expenses to protect his interest, such costs and expenses, including attorneys' fees, should be treated as the legal consequences of the original wrongful act and may be recovered as damages.") (internal quotation marks and citations omitted); State Bar of Arizona, *Arizona Attorneys' Fees Manual,* §§ 7.1 to .5 (5th ed. Supp.2014).

■■■ ¶ 14 The Association argues that by using "judgment" in § 12–2108(A), "the legislature recognized monetary judgments, and the post-judgment execution during the appeal of that judgment, are the issues, not the 'form' of monetary relief reduced to judgment." The gist of the Association's argument is that the terms "damages" and "judgment" are synonymous as used in § 12–2108 and Rule 7. We disagree. In Arizona, the terms are not synonymous. A judgment "includes a decree and an order from which an appeal lies." Ariz. R. Civ. P. 54(a); *Mahar v. Acuna,* 230 Ariz. 530, 533 ¶ 11, 287 P.3d 824, 827 (App.2012); *see also Ariz. Farmers Prod. Credit Ass'n v. Stewart Title & Trust of Tucson,* 24 Ariz.App. 5, 7, 535 P.2d 33, 35 (1975) ("In the absence of any other statutory authority, we must conclude that the term Judgment as used in the statutes takes its meaning from the definition set forth in the Rules of Civil Procedure."). Damages, however, are compensation for actual injury. *State v. Griswold,* 8 Ariz.App. 361, 364, 446 P.2d 467, 470 (1968). Moreover, "actual damages and compensatory damages are generally treated as synonymous, being defined as damages given as an equivalent for the injury done, or damages awarded to a person as compensation, indemnity, or restitution for harm sustained by him." *Id.* (internal quotation marks and citations omitted). Damages, therefore, may be a part of a judgment, along with attorneys' fees and costs, but judgments are not damages themselves.

■■■ ¶ 15 This conclusion is supported by the rule of statutory construction providing that different words used in the same statute are assigned different meanings. 2A Sutherland Statutory Construction § 46:7. Section 12–2108 and Rule 7 reference both damages and judgments and clearly provide for when a trial court may consider the "total amount of damages" and when it may consider the "full amount of the judgment." Whereas the former is used in the first and third steps of the process to determine the presumed amount of the bond and to be a baseline for a downward deviation, respectively, the latter is used in the second step as a cap for an upward deviation from the presumed amount. Therefore, although the statute's statement of purpose is useful to explain why the Legislature enacted it, when the statutory language is clear and unequivocal—as it is here—we give effect to that language and do not consider other methods or sources of interpretation. *See Berry v. 352 E. Virginia, L.L.C.,* 228 Ariz. 9, 14 ¶ 27, 261 P.3d 784, 789 (App.2011). Consequently, because the trial court erred by including attorneys' fees as damages, we grant relief and remand this case for the court to set the supersedeas bond at $1.00, the total amount of damages awarded.[5]

## 2. Attorneys' Fees

¶ 16 Both parties requested an award of attorneys' fees and costs pursuant to A.R.S.

---

5. Pursuant to A.R.S. § 12–2108(B), the trial court found that the Association failed to prove by clear and convincing evidence that City Center intentionally dissipated assets, and we will not disturb that factual finding. *See In re U.S.*

*Currency in the Amount of $2,390,* 229 Ariz. 514, 516 ¶ 5, 277 P.3d 219, 221 (App.2012) (providing that an appellate court will not disturb the trial court's factual findings unless they are clearly erroneous).

§ 12–341.01. In our discretion, we deny both requests.

## CONCLUSION

¶ 17 For the foregoing reasons, we accept jurisdiction, grant relief and vacate the trial court's order setting the supersedeas bond at $597,574.22, and remand the matter for the court to set the bond at $1.00, the total amount of damages awarded.