NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

SCOTT A. PERKINS, M.D.; MARK ROSENBERG, *Petitioners*,

*v.*

THE HONORABLE MARK BRAIN, Judge of the SUPERIOR COURT OF
THE STATE OF ARIZONA, in and for the County of MARICOPA,
*Respondent Judge*,

RONALD W. BARNET, individually and on behalf of PHOENIX
HEALTHCARE GROUP, L.L.C., *Real Party in Interest*.

No. 1 CA-SA 15-0077
FILED 4-23-2015

---

Petition for Special Action from the Superior Court in Maricopa County
No. CV2011-020543
The Honorable Mark H. Brain, Judge

**JURISDICTION ACCEPTED; RELIEF DENIED**

---

COUNSEL

The Frutkin Law Firm, PLC, Scottsdale
By Robert N. Mann, Ben J. Himmelstein
*Counsel for Petitioner*

Aiken Schenk Hawkins & Ricciardi, PC, Phoenix
By Joseph A. Schenk, William H. Knight
*Counsel for Real Party in Interest*

_____

**MEMORANDUM DECISION**

_____

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Patricia K. Norris joined.

_____

**C A T T A N I**, Judge:

¶1 Petitioners Scott Perkins and Mark Rosenberg seek special action review of the superior court's decision determining that no bond was required to stay execution of a judgment pending appeal. Special action jurisdiction is appropriate because there is no adequate remedy by appeal for a challenge to the amount of a supersedeas bond. *See City Ctr. Exec. Plaza, LLC v. Jantzen*, 237 Ariz. 37, 39, ¶ 2, 344 P.3d 339, 341 (App. 2015); *Bruce Church, Inc. v. Superior Court*, 160 Ariz. 514, 515, 774 P.2d 818, 819 (App. 1989); *see also* Ariz. R.P. Spec. Act. 1(a). We therefore accept special action jurisdiction; for reasons that follow, however, we deny relief.

¶2 In the underlying lawsuit, real party in interest Ronald Barnet filed civil claims against Perkins and Rosenberg stemming from the breakdown of their business relationship. After three years of litigation, the superior court granted summary judgment for Perkins and Rosenberg and entered judgment in their favor. The final judgment dismissed the complaint against Perkins and Rosenberg with prejudice and awarded them over $250,000 in attorney's fees.

¶3 Barnet appealed and moved to stay enforcement of the judgment pending appeal, arguing that no supersedeas bond was required because the judgment did not award damages or, alternatively, that the bond should be reduced to zero under A.R.S. § 12-2108(A)(2) or (C). Perkins and Rosenberg opposed and sought a bond in the full amount of the judgment, arguing that the attorney's fee award constituted damages and that the bond-reduction provisions of § 12-2108 did not apply to a plaintiff's appeal from a defense judgment. The superior court granted the stay and set no bond. This petition followed.

¶4 Perkins and Rosenberg contend that the superior court erred by failing to set the supersedeas bond in the full amount of the attorney's fee award (the only monetary portion of the judgment). But, absent circumstances not alleged here, the bond is limited to the total amount of *damages* awarded, not the total amount of the judgment. *See* ARCAP

7(a)(4)(A), (5)(A); A.R.S. § 12-2108(A)(1), (B); *Jantzen*, 237 Ariz. at 41, ¶ 12, 344 P.3d at 343. And attorney's fees are not damages. *See, e.g.*, *Jantzen*, 237 Ariz. at 41–42, ¶ 13, 344 P.3d at 343–44.

**¶5**        Perkins and Rosenberg argue that the fees in this case were awarded under a contractual fee-shifting provision (rather than under A.R.S. § 12-341.01) and that the fees therefore fall into an exception to the general rule that attorney's fees are not damages. This narrow exception applies to certain fees expended in litigation against *third parties*, and thus does not apply to the litigation costs incurred in the instant case. *See Fairway Builders, Inc. v. Malouf Towers Rental Co.*, 124 Ariz. 242, 258, 603 P.2d 513, 529 (App. 1979) ("[T]he victim of a breach of contract may recover damages from the breaching party to compensate for attorneys' fees and costs expended by the victim to defend a separate suit brought against it as a foreseeable result of the breach."); *Arizona Attorneys' Fees Manual* § 7.2 (Bruce E. Meyerson & Patricia K. Norris eds., 5th ed. 2010 & Supp. 2014) ("Attorneys' Fees as Damages: Fees Incurred Against Third Persons as a Result of Defendant's Wrongful Conduct"); 22 Am. Jur. 2d *Damages* § 450 ("[L]itigation costs incurred by a party in separate litigation may sometimes be an appropriate measure of compensatory damages against another party. Such recovery is ordinarily allowed as an item of damage flowing from the present defendant's wrongful act and not specifically as attorney's fees.").

**¶6**        Here, the judgment for Perkins and Rosenberg did not award damages, only attorney's fees. Because the amount of a supersedeas bond is limited to the amount of damages and because attorney's fees are not damages, the superior court did not err by concluding that no bond was required to stay enforcement of the judgment pending appeal.[1] We therefore deny relief.

Ruth A. Willingham · Clerk of the Court
FILED: ama

---

[1]        In light of this conclusion, we need not address Perkins and Rosenberg's argument that the bond-reduction provisions of § 12-2108 apply only to an appeal from a judgment in favor of a plaintiff.