NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

1st HC, L.L.C., an Arizona limited liability company, *Petitioner*,

*v.*

THE HONORABLE DAVID M. TALAMANTE, Judge of the SUPERIOR
COURT OF THE STATE OF ARIZONA, in and for the County of
MARICOPA, *Respondent Judge*,

LEONARD R. MASSEY, as trustee under that certain trust Agreement
dated August 11, 2000, as trustee of the Sherry L. McDaniel Trust created
by the provisions of that certain Revocable Living Trust Agreement dated
April 23, 1990, as trustee of the Roy S. Massey Trust created by the
provisions of that certain Revocable Living Trust Agreement dated May
10, 2002, as trustee of the Debra Lynn Richardson Trust created by the
provisions of that certain Revocable Living Trust Agreement dated April
23, 1990; and LEONARD R. MASSEY, an individual, *Real Parties in Interest*.

No. 1 CA-SA 17-0037
FILED 3-30-17

Petition for Special Action from the Superior Court in Maricopa County
No.  CV2015-091148
The Honorable David M. Talamante, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

COUNSEL

Lewis Roca Rothgerber Christie LLP, Phoenix
By Robert G. Schaffer, Amanda L. Thatcher, Daniel A. Arellano
*Counsel for Petitioner*

Lake & Cobb, P.L.C., Tempe
By Richard L. Cobb, Hank E. Pearson
*Counsel for Real Parties in Interest*

Quarles & Brady, LLP
By John M. O'Neal, David E. Funkhouser, III
*Counsel for Respondent Special Commissioner*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Donn Kessler joined.

---

**C A T T A N I**, Judge:

**¶1**　　　1st HC, LLC, seeks special action relief from the superior court's order regarding a supersedeas bond and stay pending appeal of a judgment approving a partition sale. We accept jurisdiction because 1st HC has no other appellate remedy. *See City Ctr. Exec. Plaza, LLC v. Jantzen*, 237 Ariz. 37, 39, ¶ 2 (App. 2015). For reasons that follow, we grant relief.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**　　　This case arises from a partition action regarding a 56-acre parcel of real property (the "Property"). Real parties in interest (collectively, "Massey") own an undivided 91% interest in the Property; 1st HC owns an undivided 9% interest.

**¶3**　　　Massey sued to partition the Property by sale, and the superior court appointed a special commissioner to conduct a market analysis and an appraisal, list the Property, and otherwise coordinate a sale. Early in the process—before the Property had been publicly listed or marketed—Massey presented the special commissioner with an unsolicited offer from a third party to purchase the Property for $12.5 million. The special commissioner, whose market analysis estimated the Property's value at approximately $11.5 million in an all cash investor sale, concluded that the offer was bona fide and sought expedited consideration by the court. 1st HC opposed this sale on the basis that the price was far below the Property's value.

2

¶4            At the evidentiary hearing that followed, the special commissioner recommended approving the sale and opined that further marketing would not result in a better price. Massey presented an appraisal valuing the Property at $11.3 million, while 1st HC offered a competing appraisal of $18.3 million. In a ruling filed in November 2016, the court found the Property's fair market value to be $11.3 million, noted an absence of evidence suggesting that listing the Property for sale would yield a higher offer, and ordered that the sale go forward (the "Sale Order"). 1st HC appealed the Sale Order, and that appeal is currently pending before this court.

¶5            1st HC then filed a motion to determine supersedeas bond and to stay the Sale Order pending appeal. On January 19, 2017, the superior court entered an order ostensibly "staying" the judgment, but also ordering that the sale proceed. The court noted that, as the Sale Order had not awarded damages, no dollar bond was authorized by law and thus 1st HC was "not required to post a supersedeas bond as a condition of staying the judgment on appeal." It further found that alternate security would be appropriate, and expressly found that "preserving the effectiveness of the Judgment in this case means protecting the parties' interests in the financial proceeds from the sale of the property." Accordingly, the court ordered that the sale go forward, but that a portion of the proceeds — 1st HC's 9% share of the difference between the sale price ($12.5 million) and 1st HC's appraiser's opinion of the Property's value ($18.3 million) — be deposited with the court to preserve 1st HC's monetary remedy should 1st HC prevail on appeal.

¶6            The superior court stayed the January 19 order pending this court's review, and 1st HC filed the instant special action.

**DISCUSSION**

¶7            By statute, the amount of the bond necessary to stay execution of a judgment pending appeal "in any civil action . . . under any legal theory" is calculated as the lesser of (1) total (non-punitive) damages, (2) half of the appellant's net worth, or (3) $25 million. Ariz. Rev. Stat. ("A.R.S.") § 12-2108(A); *see also* ARCAP 7(a)(4), (b). As the superior court correctly noted, because the amount of the supersedeas bond is capped at the amount of actual damages, *City Ctr.*, 237 Ariz. at 41–42, ¶¶ 13–14, no dollar bond was appropriate under § 12-2108 because the Sale Order did not award damages.

**¶8**        The superior court is also authorized, however, to "enter any further order, in lieu of or in addition to the bond, which may be appropriate to preserve the status quo or the effectiveness of the judgment." ARCAP 7(a)(2).  This rule allows the court, even in a zero bond situation, to take appropriate action to "preserve the status quo, that is, the situation that exists by virtue of the judgment rendered against the appellant" to ensure that "the appellee will not lose the benefits of its judgment and thereby suffer real, not hypothetical or speculative, harm." *Wells Fargo Bank N.A. v. Rogers*, 239 Ariz. 106, 108–10, ¶¶ 6–7, 13, 16 (App. 2016).  But this rule provides for an alternative to the bond, not an alternative to the stay.  *See id.* at 110, ¶ 16 ("In short, *when a superior court stays its judgment pending appeal*, it nevertheless is entitled to take appropriate action to preserve the status quo or the effectiveness of its judgment.") (emphasis added).  Here, the superior court's alternative did not stay enforcement of the Sale Order pending appeal, but rather ordered enforcement of the Sale Order and thereby undermined 1st HC's ability to receive a meaningful remedy on appeal.

**¶9**        Massey argues that, as a practical matter, the court's approach of holding back a portion of the sale proceeds properly protected 1st HC's potential appellate remedy because the only dispute is about the Property's value.   But 1st HC is challenging not just the valuation amount itself, but rather the procedure used to reach the valuation and authorize the sale: failure to "list[] the Property on a fair, open market for a reasonable period of time, with customary advertising and solicitation of higher offers, so as to garner competing offers that reflect the Property's true market value," which 1st HC contends may reveal a value in excess even of its $18.3 million estimate.  Failure to stay the sale pending appeal would eliminate 1st HC's requested procedural remedy (absent unwinding the sale) and, should 1st HC prevail, would foreclose a reliable method of calculating the Property's value and render such a calculation difficult if not impossible.

**¶10**        And 1st HC's alternative claim for appellate relief—which it raised before the superior court immediately following the expedited evidentiary hearing leading to the Sale Order—asserts a right to match the third-party's purchase price and buy the Property.  Although we express no opinion on the merits of 1st HC's appeal, sale of the property before the appeal goes forward would deprive 1st HC of both remedies it seeks.  *Cf. Smith v. Ariz. Citizens Clean Elections Comm'n*, 212 Ariz. 407, 410, ¶ 10 (2006).

**¶11**        Accordingly, we grant relief by vacating the superior court's January 19, 2017 order and direct the superior court to enter an order staying the Sale Order pending appeal.  The superior court should consider,

however, whether and how to impose "protective conditions to balance the hardships" Massey faces while the stay pending appeal prevents the sale from going forward. *See Wells Fargo*, 239 Ariz. at 110, ¶ 15; *see also* ARCAP 7(a)(2). The court may, for example, consider the risk that the third-party buyer might withdraw its offer during the pendency of appeal and craft an appropriate condition protecting Massey's interest in the sale, as by requiring 1st HC to provide evidence that it is able to proceed expeditiously with its proposed offer to purchase the Property.

**CONCLUSION**

¶12      We accept jurisdiction and grant relief.

