IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

SANDY G. KELLIN, *Petitioner*,

*v.*

THE HONORABLE STEVEN LYNCH, Judge *Pro Tempore* of the
SUPERIOR COURT OF THE STATE OF ARIZONA, in and for the County
of MARICOPA, *Respondent Judge*,

AMERICANWEST BANK, f/k/a BANNER BANK, successor by merger
to AMERICANWEST BANK, *Real Party in Interest*.

No. 1 CA-SA 19-0143
FILED 9-10-2019

---

Petition for Special Action from the Superior Court in Maricopa County
No. CV2014-095947
The Honorable Steven P. Lynch, Judge *Pro Tempore*

**JURISDICTION ACCEPTED; RELIEF DENIED**

---

COUNSEL

Clark Hill PLC, Scottsdale
By Ryan J. Lorenz
*Counsel for Petitioner*

Snell & Wilmer L.L.P., Phoenix
By Steven D. Jerome, Benjamin W. Reeves, and James G. Florentine
*Counsel for Real Party in Interest*

## OPINION

Presiding Judge Paul J. McMurdie delivered the opinion of the Court, in which Judge Lawrence F. Winthrop and Chief Judge Peter B. Swann joined.

**M c M U R D I E**, Judge:

¶1 Sandy Kellin requests special action relief from two superior court orders. Kellin challenges a superior court order setting supersedeas bonds of $50,000 each on Kellin's appeals from two judgments of garnishment against two financial institutions, BMO Harris Bank, N.A. ("BMO") and Betterment LLC ("Betterment"). Kellin and his wife, Robyn Kellin (collectively, the "Kellins"), held accounts with these institutions. This court issued an order accepting jurisdiction but denying relief with a decision to follow. This is that decision. We hold: (1) Arizona Rule of Civil Appellate Procedure ("Rule") 7(a)(6) affords the superior court discretion to set a supersedeas bond to cover an estimate of attorney's fees and costs that may be incurred in an appeal, provided a basis to award such fees and costs is authorized; and (2) in an appeal from a judgment of garnishment, Arizona Revised Statutes ("A.R.S.") section 12-1580(E) authorizes an appellate award of attorney's fees.[1]

## FACTS AND PROCEDURAL BACKGROUND

¶2 In September 2014, Banner Bank ("Banner")[2] domesticated a Utah deficiency judgment against Kellin for $1,285,777.89, plus post-judgment interest. The outstanding balance on the judgment as of April 2019 was calculated to be $2,415,615.15. Banner's efforts to collect the

---

[1] Kellin also challenges the superior court's refusal to sign its order denying a motion for a new trial. We decline to determine if the court abused its discretion by refusing to sign its order denying Kellin's motion for new trial concerning a series of charging orders issued by the court. The court explicitly authorized Kellin to file a motion to reconsider providing legal authority requiring the court to sign such an order. Kellin did not file a reconsideration motion.

[2] Banner is the successor-by-merger to the original party to this action, AmericanWest Bank.

judgment have been strenuously contested, and the litigation has generated three separate appellate decisions and petitions for review that deserve a brief discussion.

**¶3**   In *American West Bank v. Kellin* ("*Kellin I*"), No. 1 CA-CV 18-0060, 2018 WL 6787394 (Ariz. App. Nov. 27, 2018) (mem. decision), the Kellins argued Banner was barred from enforcing its judgment against any of their community property by Arizona Revised Statutes ("A.R.S.") section § 25-214(C)(1), which requires joinder of both spouses to bind the community to "[a]ny transaction for the acquisition, disposition or encumbrance of an interest in real property other than an unpatented mining claim or a lease of less than one year." This court held that because the underlying transaction that gave rise to Banner's deficiency judgment "did not constitute a transaction for the acquisition, disposition or encumbrance of an interest in real property . . . the protections of A.R.S. § 25-214(C)" did not apply, and the deficiency judgment could be enforced against the Kellins' community. *Kellin I*, 2018 WL 6787394, at *2, ¶ 12.

**¶4**   In *American West Bank v. Kellin* ("*Kellin II*"), No. 1 CA-CV 18-0481, 2019 WL 1341803 (Ariz. App. Mar. 26, 2019) (mem. decision), Kellin raised the same argument from *Kellin I* to challenge an order denying a motion to quash a writ of special execution against real property and a charging order against the Kellins' membership interests in a limited liability company under A.R.S. § 29-655. This court held that the "law of the case" doctrine barred the parties from relitigating the enforceability of the judgment against the Kellins' community property and affirmed the superior court's orders. *Kellin II*, 2019 WL 1341803 at *3–4, ¶¶ 13–16.

**¶5**   Finally, in *Kellin v. Banner Bank* ("*Kellin III*"), No. 1 CA-CV 18-0356, 2019 WL 1341800 at *5, ¶ 21 (Ariz. App. Mar. 26, 2019) (mem. decision), this court held that a declaratory judgment action filed while the enforcement proceedings were ongoing was an impermissible attempt to horizontally appeal the superior court's rulings in the enforcement proceedings.

**¶6**   The Kellins filed petitions for review from *Kellin I*, *Kellin II*, and *Kellin III*. On July 8, 2019, the Arizona Supreme Court denied Kellin's petition for review from *Kellin I*. Whether this court correctly resolved the issue in *Kellin I* is not subject to further review. Therefore, the holding that the Kellins' community property can be used to satisfy Banner's deficiency judgment is final.

¶7	The proceedings at issue in this special action occurred during and shortly after the appeals in *Kellin II* and *Kellin III*. Banner filed applications for writs of garnishment against BMO and Betterment, alleging that each financial institution was "holding nonexempt monies on behalf of [Kellin]." A.R.S. § 12-1572(2)(b). After litigation over Kellin's objections and motions to quash the writs of garnishment, the court entered judgment against garnishee BMO for $72,744.31 and garnishee Betterment for $409,385.83. Kellin filed notices of appeal from both judgments and moved to set or waive a supersedeas bond to stay enforcement of the judgments under Rule 7. Kellin argued that under Rule 7(a)(6), the court was not required to set supersedeas bonds for each judgment because the garnished funds themselves, which would remain frozen in BMO and Betterment's possession, were an adequate bond. In response, Banner argued that the court was required to set the supersedeas bond for each judgment at the respective amounts awarded under Rule 7(a)(4). In the alternative, Banner argued that under Rule 7(a)(9) the court should set the bond for each judgment at the respective amounts awarded because of overwhelming evidence that "the Kellins have attempted to intentionally dissipate and conceal assets to avoid paying [the Utah] Judgment."

¶8	After considering the argument regarding the motions for a stay, the court issued the following order:

> Based upon the matters presented today, the review of all pleadings, and pursuant to A.R.S. Civ. P. Rule 7.[3]
>
> IT IS ORDERED that the Kellins[] post bond in the amount of $50,000.00 on each of the current garnishments, totaling $100,000.00. Bond must be posted no later than Friday, June 21, 2019.

The Kellins then filed the petition for special action and requested that this court vacate the order setting the $50,000 supersedeas bonds. Kellin also requested this court order the superior court to waive posting of the supersedeas bonds and instruct BMO and Betterment to retain the garnished monies pending the outcome of Kellin's appeals.

---

[3]	It appears that the court's citation to "Civ. P. Rule 7" was in error. It is apparent from the context it was citing Arizona Rule of Civil Appellate Procedure 7.

## DISCUSSION

### A. A Challenge to the Setting of a Supersedeas Bond is Appropriate for Special Action Jurisdiction.

**¶9**         "Special action jurisdiction is proper when a party has no 'equally plain, speedy, and adequate remedy by appeal . . . .'" *Phillips v. Garcia*, 237 Ariz. 407, 410, ¶ 6 (App. 2016) (quoting Ariz. R.P. Spec. Act. 1(a)). A challenge to a supersedeas bond is a matter appropriate for special action jurisdiction. *Chula Vista Homeowners Ass'n v. Irwin*, 245 Ariz. 249, 250, ¶ 1 (App. 2018); *City Ctr. Exec. Plaza, LLC v. Jantzen*, 237 Ariz. 37, 40, ¶ 2 (App. 2015). Special action jurisdiction is also proper here because this case requires interpretation of recent substantive amendments to Rule 7, a matter of statewide importance and first impression. *See Alsarraf v. Bernini*, 244 Ariz. 447, 448, ¶ 1 (App. 2018).

### B. The Court of Appeals' Authority to Award Attorney's Fees in Appeals from Garnishment Proceedings Justified the Setting of the $50,000 Supersedeas Bonds.

**¶10**         Kellin argues the superior court abused its discretion by imposing the $50,000 supersedeas bonds because the purpose of setting a supersedeas bond has already been accomplished by the garnishment judgments against BMO and Betterment. Kellin contends that because the judgments themselves "are the bond," the court lacked the authority under Rule 7 to require Kellin to post additional $50,000 bonds to stay enforcement of those judgments. Thus, Kellin concludes, the court acted arbitrarily and capriciously by imposing the $50,000 supersedeas bonds.

**¶11**         We review the interpretation of statutes and court rules *de novo*. *Premier Physicians Grp., PLLC v. Navarro*, 240 Ariz. 193, 194, ¶ 6 (2016) (statutes); *State v. Fitzgerald*, 232 Ariz. 208, 210, ¶ 10 (2013) (court rules). "We interpret statutes and rules in accordance with the intent of the drafters, and we look to the plain language of the statute or rule as the best indicator of that intent." *Fragoso v. Fell*, 210 Ariz. 427, 430, ¶ 7 (App. 2005). "If the language of a statute or rule is unambiguous, 'we apply it as written.'" *Gutierrez v. Fox*, 242 Ariz. 259, 267, ¶ 28 (App. 2017) (quoting *Roberto F. v. DCS*, 237 Ariz. 440, 441, ¶ 6 (2015)).

**¶12**         At the outset, we note Kellin failed to provide a transcript of the May 2019 hearing. As a result, we "presume the items not included in the appellate record support [the] trial court's ruling," *Myrick v. Maloney*, 235 Ariz. 491, 495, ¶ 11 (App. 2014), and will "affirm the trial court's decision if it is correct for any reason, even if that reason was not considered

by the trial court," *Glaze v. Marcus*, 151 Ariz. 538, 540 (App. 1986). Therefore, the court did not act arbitrarily here if the law governing supersedeas bonds authorized any interpretation of the superior court's ruling.

**¶13** "[A] party may file a supersedeas bond to stay enforcement of or execution on a judgment while an appeal is pending." *Irwin*, 245 Ariz. at 252, ¶ 8. "Arizona . . . courts recognize that the purpose of posting a supersedeas bond is to preserve the *status quo* pending appeal." *Bruce Church, Inc. v. Superior Court*, 160 Ariz. 514, 517 (App. 1989), *superseded by rule on other grounds as stated in City Ctr.*, 237 Ariz. at 40, ¶ 9. Absent statutes or rules to the contrary, "a court has the inherent discretion and power to allow for flexibility in the determination of the 'nature and extent of the security required to stay the execution of the judgment pending appeal.'" *Salt River Sand & Rock Co. v. Dunevant*, 222 Ariz. 102, 106, ¶ 9 (App. 2009) (quoting *Bruce Church*, 160 Ariz. at 517), *superseded by rule on other grounds as stated in City Ctr.*, 237 Ariz. at 40, ¶ 9.

**¶14** In Arizona, the judiciary's authority in this sphere has been narrowed by A.R.S. § 12-2108 and Rule 7. Under Rule 7, the extent of the court's discretion in setting the amount of the bond turns upon the relief granted by the judgment upon which the appeal is based. For example, Rule 7(a)(4)—which closely follows the language of A.R.S. § 12-2108—provides:

> [S]ubject to rule 7(a)(9), if the judgment includes a monetary award, the amount of the bond relating to the monetary award must be the lowest of the following:
>
> > (A) the total amount of damages, costs, attorney's fees, and prejudgment interest included in the judgment when entered, excluding punitive damages;
>
> > (B) fifty percent of the net worth of the party seeking the stay; or
>
> > (C) twenty-five million dollars.

When a court applies Rule 7(a)(4), it may only adjust the supersedeas bond amount in three situations. *Starr Pass Resort Developments, LLC v. Harrington*, 245 Ariz. 495, 499, ¶ 13 (App. 2018). First, the court may increase the bond amount "up to the full amount of the judgment" if the party requesting the bond proves by clear and convincing evidence that the party seeking the stay has been dissipating assets to avoid paying the judgment. A.R.S. § 12-2108(B); ARCAP 7(a)(9)(A). Second, the court may lower the bond amount if the party seeking the stay "proves by clear and convincing

evidence that [it] is likely to suffer substantial economic harm" if it were required to post the amount contemplated by Rule 7(a)(4). A.R.S. § 12-2108(C); ARCAP 7(a)(9)(B). Third, "[i]n determining the amount of the bond, the superior court may consider whether there is other security for the judgment, or whether the sheriff or the court has custody of any of the property in controversy." ARCAP 7(a)(9)(C).

¶15        Before January 2019, a similar version of Rule 7(a)(4)[4] exclusively controlled the court's determination of the amount of the bond required to stay the enforcement of any judgment. *See Harrington*, 245 Ariz. at 499, ¶ 13. However, effective January 2019, amended Rule 7 alters how the court calculates the amount of supersedeas bond necessary to stay non-monetary judgments. *See* Ariz. Sup. Ct. Order R-18-0017 (August 28, 2018). Under the newly adopted Rule 7(a)(6):

> If the judgment includes . . . relief other than an award of money or recovery of an interest in property, the superior court must determine the amount of the bond, if any, that the requesting party must post. . . . Subject to Rule 7(a)(9), the superior court should consider the bond or other orders needed to adequately:
>
>> (A) protect the adverse party against loss or damage that such party is likely to suffer from a stay if the judgment is affirmed; and
>>
>> (B) preserve the status quo or the effectiveness of the judgment.

Unlike Rule 7(a)(4) for money judgments, Rule 7(a)(6)'s language is permissive. *Compare* ARCAP 7(a)(4) ("Subject to Rule 7(a)(9), the amount of

---

[4]        The prior version of the rule stated, "[t]he amount of the bond must be the lowest of the following: (A) The total amount of damages awarded, excluding punitive damages; (B) Fifty per cent of the appellant's net worth; or (C) Twenty-five million dollars. The appellant must prove net worth by a preponderance of the evidence." ARCAP 7(a)(4) (2018). The primary differences between the amended and prior version of the rule are: (1) the amended rule is now specifically limited to monetary judgments; and (2) the amended rule includes "costs, attorney's fees, and pre-judgment interest included in the judgment when entered" in the amount specified by Rule 7(a)(4)(A).

the bond . . . *must* be the lowest of the following . . . .") (emphasis added), *with* ARCAP 7(a)(6) (superior court "*should consider* the bond . . . needed" to address Rule 7(a)(6)(A) and (B)) (emphasis added). Because Rule 7(a)(6) merely states that the superior court "should consider" the factors described in Rule 7(a)(6)(A), (B), and 7(a)(9), it leaves both the decision to set a bond and calculation of the amount of bond to the discretion of the court.

¶16        Here, the judgments fall under Rule 7(a)(6), as the judgments do not grant Banner a monetary award—they merely order BMO and Betterment to transfer the funds they are holding on behalf of the Kellins to Banner. Consequently, the court had the discretion to set the supersedeas bonds it deemed necessary to fulfill the purpose of a supersedeas bond—preserving the *status quo* or the effectiveness of the judgment. But Kellin is correct that the *status quo* or the effectiveness of the judgment is already being maintained in part because he has no access to the monies subject to the BMO and Betterment Judgments. BMO and Betterment are prohibited from paying "to the judgment debtor any monies . . . which [are] not exempt . . . if it is within the legal power of the garnishee to do so." A.R.S. § 12-1578(A). Although this fact means the court could not have set a supersedeas bond to secure payment of the garnishment judgments, the court's decision is supportable if any other reasonable basis for setting the $50,000 bonds exists.

¶17        Banner argues the supersedeas bonds preserve the *status quo* and protect Banner's interests by securing payment of any attorney's fees and costs that might be awarded to Banner in each of Kellin's appeals. We agree that given the broad discretion afforded to a court under Rule 7(a)(6), and the circumstances of this case, the court could have set the $50,000 supersedeas bonds to secure recovery of potential appellate attorney's fees and costs, provided an appellate court may award attorney's fees and costs on an appeal from a judgment of garnishment.[5]

---

[5]        Our conclusion is bolstered by the fact that federal courts applying a similarly discretionary standard have conditioned supersedeas bonds on satisfaction of a calculated estimate of appellate attorney's fees. *See, e.g.,* *North River Ins. v. Greater N.Y. Mut. Ins.*, 895 F. Supp. 83, 84–85 (E.D. Penn. 1995); *Avirgan v. Hull*, 125 F.R.D. 185, 188 (S.D. Fla. 1989); *see also Bruce Church*, 160 Ariz. at 516–17 (finding federal authorities useful in resolving supersedeas bond questions).

¶18        "[G]arnishment was unknown to the common law; it has come into being as a statutory remedy." *Andrew Brown Co. v. Painters Warehouse, Inc.*, 11 Ariz. App. 571, 572 (1970). "Since garnishment is a creature of statute . . . courts may not allow garnishment proceedings to follow any course other than that charted by the legislature." *Bennett Blum, M.D., Inc. v. Cowan*, 235 Ariz. 204, 208, ¶ 16 (App. 2014) (quoting *Patrick v. Associated Drygoods Corp. (Goldwater's Division)*, 20 Ariz. App. 6, 9 (1973)). Under the statutes governing proceedings to garnish monies or property, A.R.S. §§ 12-1570 to -1597, A.R.S. § 12-1580(E) provides the exclusive avenue for a party to recover attorney's fees and costs against a judgment debtor. *Bennett Blum*, 235 Ariz. at 209, ¶ 20. Section 12-1580(E) provides:

> The prevailing party may be awarded costs and attorney fees in a reasonable amount determined by the court. The award shall not be assessed against nor is it chargeable to the judgment debtor, unless the judgment debtor is found to have objected to the writ solely for the purpose of delay or to harass the judgment creditor.

The statute permits this court to award attorney's fees and costs against a judgment debtor on appeal from a judgment of garnishment, so long as the court finds that the appeal was brought "solely for the purpose of delay or to harass the judgment creditor." A.R.S. § 12-1580(E); *see also, e.g.*, *Carey v. Soucy*, 245 Ariz. 547, 554, ¶¶ 31–32 (App. 2018) (awarding attorney's fees against judgment debtor under A.R.S. § 12-1580(E)); *Premier Fin. Servs. v. Citibank (Arizona)*, 185 Ariz. 80, 89 (App. 1995) (same). Thus, we conclude Banner may be awarded appellate attorney's fees and costs under the statute in Kellin's fourth and fifth appeals and that the superior court was within its discretion to set supersedeas bonds for $50,000 to ensure recovery of those attorney's fees and costs.

## CONCLUSION

¶19        For the foregoing reasons, we grant special action jurisdiction but deny relief.

AMY M. WOOD • Clerk of the Court
FILED:  AA